**Pat SLAVIN, Appellant,**

v.

**PLANO SAVINGS & LOAN ASSOCIATION, Appellee.**

**No. 05–85–00637–CV.**

Court of Appeals of Texas, Dallas.

March 26, 1986.

Rehearing Denied May 6, 1986.

Marshal W. Dooley, Barbara J. St. Clair, Dooley & Foxman, Dallas, for appellant.

Robin P. Hartmann, Kenneth S. Klein, Haynes & Boone, Dallas, for appellee.

Before AKIN, HOWELL and HOLLINGSWORTH, JJ.

AKIN, Justice.

Appellant, Pat Slavin, appeals from a final judgment rendered in response to a motion for sanctions filed by appellee, Plano Savings & Loan Association. Slavin had sued Plano Savings, alleging that it had wrongfully frozen certain assets of Slavin and that such action violated the Deceptive Trade Practices Act. Plano Savings subsequently filed a motion for sanctions against Slavin, pursuant to rule 215 of the Texas Rules of Civil Procedure, alleging that Sla-

vin had refused to comply with its discovery requests. After a hearing on the matter, at which Slavin was neither present nor represented by counsel, the trial judge granted Plano Savings's motion and consequently dismissed Slavin's claim and rendered a default judgment for Plano Savings on its counterclaim.

On appeal, Slavin contends that the trial court abused its discretion by dismissing his claims and rendering a default judgment against him. We agree. Consequently, we reverse the judgment of the trial court and remand the cause.

Slavin was issued a notice of deposition for March 2, 1984. His deposition, however, was not taken on that date. The deposition was rescheduled several times, with the most recent rescheduling setting the deposition for March 14, 1985. The record reflects that the repeated rescheduling was *by agreement of the parties*. Slavin failed to appear on March 14, 1985.

On March 19, 1985, Plano Savings filed a motion for sanctions. On Friday, March 22, 1985, the court held a hearing on a motion to withdraw filed by Slavin's attorney, Bowman. At this hearing, the trial judge permitted Bowman to withdraw and set a hearing on the pending motion for sanctions for Monday, March 25, 1985.[1] Slavin received notice of the March 25 hearing through a note delivered to his house by his former attorney on Sunday, March 24, 1985. Slavin appeared at the hearing on March 25 at 8:45 a.m., but his arrival was too late because the hearing had been conducted, and the sanctions imposed, at 8:30.

The trial court's judgment recites:

Plano Savings, by and through its attorney, demonstrated to the Court that the deposition of [Slavin] has been noticed pursuant to the Texas Rules of Civil Procedure on various occasions, most recently on March 14, 1985. [Slavin] has failed and refused to appear pursuant to such deposition notices. The Court finds that

[Slavin], by his constant delay and willful refusal to comply, has abused the discovery process and pursuant to the Texas Rules of Civil Procedure is subject to appropriate sanctions including dismissal and/or default judgment.

Thus, it is apparent that the trial judge based his decision to grant the motion for sanctions not on Slavin's failure to appear for deposition on March 14, 1985, but rather on the fact that Slavin was not deposed on any of the previously-scheduled dates.

■ Only the most aggravating of circumstances warrant the granting of a default judgment for abuse of the discovery process. *See Phillips v. Vinson Supply Co.*, 581 S.W.2d 789, 791–92 (Tex.Civ.App. —Houston [14th Dist.] 1979, no writ). Here, the trial judge imposed the ultimate sanctions—dismissal of Slavin's claim and the granting of a default judgment against him—for Slavin's failure to appear at depositions which were *rescheduled by agreement* of the parties. We hold that this was an abuse of discretion. Accordingly, the judgment of the trial court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

---

1. Also at the March 22 hearing, Bowman explained that Slavin's absence from the scheduled March 14 deposition was due to illness. The record reflects that Slavin was in and out of

the hospital during March 1985 and had been advised by his doctor to "refrain from any stressful endeavors including court appearances" during that time.