**PLANO SAVINGS & LOAN ASSOCIATION, Petitioner,**

v.

**Pat SLAVIN, Respondent.**

No. C–5426.

Supreme Court of Texas.

Oct. 29, 1986.

Rehearing Denied Oct. 29, 1986.

Robin P. Hartmann and Kenneth S. Klein, Haynes and Boone, Dallas, for petitioner.

Barbara J. St. Clair and Marshall W. Dooley, Dooley & Foxman, Dallas, for respondent.

## OPINION ON MOTION FOR REHEARING OF APPLICATION FOR WRIT OF ERROR

PER CURIAM.

We refused the application for writ of error in this case on September 10, 1986, finding no reversible error. We overrule the Motion for Rehearing, but in so doing supplement our original holding with this opinion.

Plano Savings and Loan Association sought writ of error because the court of appeals had reversed both the trial court's dismissal of Pat Slavin's lawsuit and its rendition of judgment for the Association on its counterclaim. 711 S.W.2d 281. The trial court had taken these actions as sanctions for Slavin's discovery abuse.

Slavin had originally sued the Association, alleging a Deceptive Trade Practices Act violation, claiming the Association had wrongfully applied proceeds from Slavin's savings account to satisfy a note deficiency. The Association counterclaimed for the additional deficiency still owed. The Association noticed Slavin for deposition on March 2, 1984. The deposition was not taken on that date, but was repeatedly rescheduled by agreement. Slavin never appeared for the various depositions and offered no excuses for his absence. Finally, eighteen days before trial was to commence, the Association again noticed Slavin for a deposition, to be taken March 14, 1985. Again Slavin failed to appear.

On March 19, 1985, the Association filed a Motion for Sanctions because of Slavin's non-appearance. On March 22, 1985, the trial court allowed Slavin's attorney to withdraw from the case, and gave Slavin

until March 25, 1985 to secure another attorney and also reset the sanctions hearing for that date. Slavin did not learn of the sanctions hearing until Sunday, March 24, 1985, when he received a note from his former attorney that the sanctions hearing would be held the next morning at 8:45 a.m. Neither Slavin nor a new attorney appeared at the March 25, 1985 hearing. Nevertheless, the trial court proceeded with the hearing and, as sanctions for the discovery abuse, struck Slavin's pleadings and granted the Association a default judgment on its counterclaim against Slavin.

The court of appeals held that the trial judge had abused his discretion in applying the ultimate sanctions of dismissal and default. In refusing the application for writ of error we are not to be understood as approving the court of appeals' language that assessing the sanctions of dismissal and default constitutes an abuse of discretion if the discovery violation is one of failing to attend depositions rescheduled by agreement, after non-appearance by a party at a deposition originally set by notice. 711 S.W.2d at 282.

However, the trial court allowed Slavin's attorney to withdraw, leaving Slavin unrepresented during a crucial aspect of the case. Also, Slavin had inadequate notice of the sanctions hearing, which he is required to have. *Sears, Roebuck & Co. v. Hollingsworth*, 156 Tex. 176, 293 S.W.2d 639 (1956). We have recently reversed a case when an attorney was given leave to withdraw but two days prior to trial, and the litigant was forced to proceed pro se. *Villegas v. Carter*, 711 S.W.2d 624 (Tex.1986). For this reason, the court of appeals was justified in holding that the trial court abused its discretion in striking Slavin's pleadings and rendering a default judgment against him.

The application for writ of error is refused, no reversible error. The Association's Motion for Rehearing is overruled.