Marshall LAND, Appellant,

v.

AT & S TRANSPORTATION, INC., Appellee.

No. 03–96–00283–CV.

Court of Appeals of Texas, Austin.

June 5, 1997.

Lonnie Roach, Bemis, Roach & Reed, L.L.P., Austin, for appellant.

Gerard Thomas Fazio, Dallas, for appellee.

Before POWERS, ABOUSSIE and JONES, JJ.

## ON MOTION FOR REHEARING

ABOUSSIE, Justice.

The opinion and judgment issued by this Court on March 27, 1997, are withdrawn and

the following opinion is substituted in its place.

Appellant, Marshall Land, sued his employer, AT & S Transportation, claiming AT & S failed to provide a safe work environment. Land appeals a judgment awarding $48,000.00 to AT & S pursuant to AT & S's counterclaim for sanctions under Rule 13 of the Texas Rules of Civil Procedure. In four points of error, Land complains that: (1) the order awarding sanctions is defective because the trial court failed to state the particulars of good cause therein; (2) the court abused its discretion in awarding sanctions because AT & S did not show good cause; (3) the court erred in finding Land committed fraud because AT & S did not plead fraud; and (4) there was no evidence or insufficient evidence to support an award of sanctions. We will affirm the trial court's judgment.

## BACKGROUND

Land allegedly sustained a back injury while working cattle for AT & S. AT & S was a nonsubscriber to the workers' compensation system; therefore, Land sued AT & S directly for negligent failure to provide a safe work environment. AT & S filed a counterclaim for sanctions pursuant to Rule 13 of the Texas Rules of Civil Procedure, claiming Land had no basis in law or fact for bringing the action against AT & S. Following a three day trial, the jury returned a take-nothing verdict in favor of AT & S. The trial court did not submit the counterclaim for sanctions to the jury; it held a hearing on the matter after the jury returned its verdict but before the court rendered its final judgment.

At the evidentiary hearing on sanctions, the trial court took judicial notice of the contents of its file, including Land's deposition testimony, along with the evidence admitted at the jury trial. After considering all of the evidence introduced at both proceedings and the arguments of counsel, the court awarded AT & S $48,000.00 in attorney's fees as sanctions against Land. The court found: (1) Land's pleadings were groundless, had no basis in law or fact, were not warranted by a good faith argument for the extension, modification, or reversal of existing law, and were false; (2) the allegations forming the basis of

the lawsuit were brought in bad faith and for the sole purpose of harassment; and (3) Land committed fraud upon AT & S and the court. In a separate document, the court made findings of fact and conclusions of law supporting its ruling. Land approved the trial court's order as to form and did not object or file a motion for new trial complaining of the order's lack of particularity.

Land filed a partial statement of facts with this Court pursuant to Texas Rule of Appellate Procedure 53(d). Pursuant to his limited points on appeal, Land filed with this Court the transcript of the cause, the statement of facts of Land's testimony from the trial on the merits, and the statement of facts from the sanctions hearing. AT & S did not supplement the appellate record.

## DISCUSSION

In his first point of error, Land complains that the portion of the final judgment awarding sanctions is defective because it does not state the particulars of good cause as required by Rule 13. *See* Tex.R. Civ. P. 13. Rule 13 provides the following:

Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed except for *good cause, the particulars of which must be stated in the sanctions order.*

Tex.R. Civ. P. 13 (emphasis added).

AT & S argues, however, that Land waived any error by failing to object to the form of the order or requesting more particularity in the order. While this is a case of first impression for this Court, several courts of appeals have held that complaining parties waive the requirement of particularity by failing to make a timely complaint. *See, e.g., Campos v. Ysleta Gen. Hosp., Inc.,* 879 S.W.2d 67, 70 (Tex.App.—El Paso 1994, writ denied); *McCain v. NME Hosps., Inc.,* 856 S.W.2d 751, 756 (Tex.App.—Dallas 1993, no writ); *Bloom v. Graham,* 825 S.W.2d 244, 247 (Tex.App.—Fort Worth 1992, writ denied). Other courts have held that the language of Rule 13 is mandatory and failure to comply constitutes an abuse of discretion. *See, e.g., GTE Communications Sys. Corp. v.*

*Curry,* 819 S.W.2d 652, 654 (Tex.App.—San Antonio 1991, no writ); *Watkins v. Pearson,* 795 S.W.2d 257, 260 (Tex.App.—Houston [14th Dist.] 1990, writ denied).

We agree with the courts requiring an appellant to object to a lack of particularity in the trial court before raising the complaint on appeal. While Rule 13 calls for particularity, Land did not object to any lack of particularity before the trial court. He has, therefore, failed to preserve for review any complaint regarding the order's lack of particularity. *See* Tex.R.App. P. 52(a); *Campos,* 879 S.W.2d at 70; *Bloom,* 825 S.W.2d at 247.

In his second and fourth points of error, Land complains that the trial court abused its discretion by imposing sanctions. Land contends that AT & S failed to show good cause justifying sanctions and argues the evidence is legally and factually insufficient to support the imposition of sanctions.

■ The imposition of Rule 13 sanctions is within the sound discretion of the trial court, and we will set aside that decision only upon a showing of a clear abuse of discretion. *GTE Communications Sys. Corp. v. Tanner,* 856 S.W.2d 725, 730 (Tex.1993); *Woodward v. Jaster,* 933 S.W.2d 777, 782 (Tex.App.—Austin 1996, no writ). A trial court abuses its discretion only when it acts in an unreasonable and arbitrary manner or when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *National Union Fire Ins. Co. of Pittsburgh v. Olson,* 920 S.W.2d 458, 462 (Tex.App.—Austin 1996, no writ).

On appeal, Land provided a partial statement of facts in compliance with Texas Rule of Appellate Procedure 53(d), which provides:

If appellant requests or prepares a partial statement of facts, he shall include in his request or proposal a statement of the

points to be relied on and shall thereafter be limited to such points. If such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. Any other party may designate additional portions of the evidence to be included in the statement of facts.

Tex.R.App. P. 53(d). Land designated four points of error and timely submitted a partial statement of facts to this Court.[1]

■ In determining whether the trial court abused its discretion, we traditionally review the entire record. *See Mercedes–Benz Credit Corp. v. Rhyne,* 925 S.W.2d 664, 666 (Tex.1996); *Simon v. York Crane & Rigging Co.,* 739 S.W.2d 793, 795 (Tex.1987). The Texas Supreme Court and this Court have held, however, that there are exceptions to the requirements that we review the entire record. *See Christiansen v. Prezelski,* 782 S.W.2d 842, 843 (Tex.1990) (when the requirements of Rule 53(d) are met, the reviewing court need not review the entire record to determine harm); *Steger & Bizzell v. Vandewater Constr., Inc.,* 811 S.W.2d 687, 692 (Tex.App.—Austin 1991, writ denied) (Rule 53(d) is an exception to the Texas venue statutes' requirement that an appellate court review the entire record).

■ Even when a party strictly complies with the requirements of Rule 53(d), however, there are instances in which a partial record is not sufficient. *See Schafer v. Conner,* 813 S.W.2d 154, 155 (Tex.1991); *S.H. v. National Convenience Stores,* 936 S.W.2d 406, 407 (Tex.App.—Houston [1st Dist.] 1996, no writ ). When an appellant raises a legal or factual sufficiency challenge, an entire statement of facts is required, and a partial statement of facts will not suffice. *See Schafer,* 813 S.W.2d at 155;[2] *cf. Green-*

---

1. Land filed with this Court the statement of facts from the sanctions hearing; from the jury trial, he excerpted only his testimony.

2. In *Schafer,* the supreme court disapproved of the appellate court's ruling that the appellant had failed to meet the requirements of Rule 53(d) merely because he filed a statement of points to be relied on *with* his request for a partial state-

ment of facts rather than *in* the request. *Schafer,* 813 S.W.2d at 155. The court treated the appellant's partial statement of facts as meeting the requirements of Rule 53(d) but stated that, nevertheless, in the absence of a complete statement of facts, in a sufficiency of the evidence challenge, the appellate court must presume that the omitted evidence supports the trial court's judgment. *Id.*

*wood v. State,* 823 S.W.2d 660, 660–61 (Tex. Crim.App.1992). A complete statement of facts or an agreed statement of facts must be presented to the reviewing court; without one, the court presumes the omitted evidence supports the trial court's judgment. Thus, an appellant cannot meet its burden on appeal to demonstrate error in the judgment. *See Schafer,* 813 S.W.2d at 155; *Christiansen,* 782 S.W.2d at 843.

■ Although Land submitted the statement of facts from the sanctions hearing and complied with the requirements of Rule 53(d), the limited record on appeal reveals that the trial court considered more in deciding its ruling. The statement of facts from the hearing, the trial court's judgment, and the findings of fact and conclusions of law show that in reaching its decision on sanctions, the trial court considered the documentary and testimonial evidence presented at trial, as well as Land's pre-trial deposition testimony. The parties argued extensively about the contents and significance of evidence not before us on appeal. Land has not provided us with the entire record from the trial; therefore, we must presume the omitted evidence supports the judgment. Without a complete record, Land cannot demonstrate insufficiency of the evidence to support sanctions, and thus, we cannot say the trial court abused its discretion by its order. Accordingly, we overrule points of error two and four.

Because we presume the trial court's sanctions order is supported by sufficient evidence and because a finding of fraud is not required to support the imposition of sanctions, we need not address Land's third point of error challenging the trial court's finding of fraud. *See* Tex.R. Civ. P. 13.

## CONCLUSION

We affirm the trial court's judgment.