TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00167-CV






Tom E. Robertson, Appellant



v.



Texas Department of Transportation; Cindy Jetton, Tax Assessor-Collector; 


and Louis A. Perez, Appellees





FROM THE COUNTY COURT OF TOM GREEN COUNTY


NO. 99C450, HONORABLE MICHAEL D. BROWN, JUDGE PRESIDING 







 Appellee Louis Perez sold a Chevrolet truck to Pamela Tennell, one of his
employees, in April 1999. Perez signed an application for a certificate of title, transferring
ownership of the truck to Tennell. Perez did not note on the title application that he held a lien
against the truck. The application states that the truck's sales price was $1,000. Tennell did not
file her title application and receive an original certificate of title until September 3 ("the original
title"). On September 20, Tennell signed the original title over to appellant Tom E. Robertson. 
On September 24, Tennell, claiming the title had been lost or destroyed, applied for and received
a certified copy of the original title ("the certified copy"). On October 7, Perez applied for title,
using the certified copy as proof of ownership. On October 8, Robertson also applied for title,
using the original title as proof of ownership. The Texas Department of Transportation ("the
Department") suspended both applications pending a determination of who was the rightful owner. 
Cindy Jetton, the Tax Assessor/Collector, ruled against Robertson, and Robertson appealed that
determination to the county court. 

 The county court held a hearing and filed findings of fact and conclusions of law
in which it stated the "matter was heard beginning on January 10, 2000 with all parties waiving
the making of a record. That hearing was recessed and reconvened on February 2, 2000 before
a court reporter so that the record in this case is incomplete." Robertson does not challenge this
finding and it is binding on appeal. The court found that Tennell bought the truck from Perez for
$4,500; Robertson said Tennell gave him the truck as a gift; Tennell stopped paying Perez and
obtained the certified copy, claiming the original title was lost or destroyed; Tennell signed the
certified copy over to Perez, who filed a title application on October 7; and Robertson filed his
title application on October 8. The court found by a preponderance of the evidence that Perez was
the rightful owner. Robertson appeals from that determination. We will affirm.

 In his brief, Robertson states that on January 10 the hearing was convened without
a court reporter and that the proceedings were recessed until February 2 "to allow a record to be
made. The trial court then heard evidence on the Appellant's appeal of the Department's
decision." Robertson does not dispute that the parties agreed to proceed on January 10 without
the making of a record or that the record is incomplete. The court's docket sheet for January 10
notes "all parties waive making of record . . . Tom R. presents case background and facts."

 A party who waives the making of a record risks waiving any complaint arising out
of those proceedings. See Piotrowski v. Minns, 873 S.W.2d 368, 370-71 (Tex. 1993). A party
challenging the sufficiency of the evidence supporting the trial court's judgment must present a
complete reporter's record or an agreed record. See Land v. AT & S Transp., Inc., 947 S.W.2d
665, 667-68 (Tex. App.--Austin 1997, writ denied). Without a complete or agreed record, we will
presume any omitted evidence supports the trial court's judgment. See Feldman v. Marks, 960
S.W.2d 613, 614 (Tex. 1996); Land, 947 S.W.2d at 668. The appellate rules allow an exception
to this general rule. To proceed with a partial reporter's record, an appellant must request a
partial record and include a statement limiting its issues on appeal. See Tex. R. App. P.
34.6(c)(1). Other parties may then designate additional portions of the record to be included. See
id. 34.6(c)(2). If the parties proceed in this manner with a partial record, we will presume that
the designated record constitutes the entire record for purposes of the appeal. See id. 34.6(c)(4).

 There is no indication in the record that Perez has agreed that any evidence
presented on January 10 is not material or relevant. Robertson has not complied with rule 34.6(c)
and has not disputed the county court's statement that the record is incomplete due to the parties'
agreement. We must presume that evidence presented on January 10 supports the county court's
decision. We overrule Robertson's issues on appeal and affirm the county court's judgment. 



 


 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: August 31, 2000

Do Not Publish



ennell did not
file her title application and receive an original certificate of title until September 3 ("the original
title"). On September 20, Tennell signed the original title over to appellant Tom E. Robertson. 
On September 24, Tennell, claiming the title had been lost or destroyed, applied for and received
a certified copy of the original title ("the certified copy"). On October 7, Perez applied for title,
using the certified copy as proof of ownership. On October 8, Robertson also applied for title,
using the original title as proof of ownership. The Texas Department of Transportation ("the
Department") suspended both applications pending a determination of who was the rightful owner. 
Cindy Jetton, the Tax Assessor/Collector, ruled against Robertson, and Robertson appealed that
determination to the county court. 

 The county court held a hearing and filed findings of fact and conclusions of law
in which it stated the "matter was heard beginning on January 10, 2000 with all parties waiving
the making of a record. That hearing was recessed and reconvened on February 2, 2000 before
a court reporter so that the record in this case is incomplete." Robertson does not challenge this
finding and it is binding on appeal. The court found that Tennell bought the truck from Perez for
$4,500; Robertson said Tennell gave him the truck as a gift; Tennell stopped paying Perez and
obtained the certified copy, claiming the original title was lost or destroyed; Tennell signed the
certified copy over to Perez, who filed a title application on October 7; and Robertson filed his
title application on October 8. The court found by a preponderance of the evidence that Perez was
the rightful owner. Robertson appeals from that determination. We will affirm.

 In his brief, Robertson states that on January 10 the hearing was convened without
a court reporter and that the proceedings were recessed until February 2 "to allow a record to be
made. The trial court then heard evidence on the Appellant's appeal of the Department's
decision." Robertson does not dispute that the parties agreed to proceed on January 10 without
the making of a record or that the record is incomplete. The court's docket sheet for January 10
notes "all parties waive making of record . . . Tom R. presents case background and facts."