NUMBER 13-06-043-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


CINTAS CORPORATION, Appellant,


v.
 


GARY MINTON, Appellee.

 

On appeal from the 107th District Court 


of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Wittig (1) 


Memorandum Opinion by Justice Wittig



 Cintas Corporation appeals an order imposing $25,170 in sanctions against it
following its non-suit of Gary Minton, appellee. In five issues, Cintas attacks the sanctions
order on grounds that (1) sanctions were not warranted by the facts, (2) Cintas lacked
appropriate notice of the proposed sanctions, (3) the sanction order lacked required
specificity, (4) the allowance of evidence at a summary judgment hearing was error, and
(5) the sanctions were excessive. We reverse and remand.

 1. Standard of Review

 The imposition of an available sanction is left to the sound discretion of the trial
court. Koslow's v. Mackie,796 S.W.2d 700, 704 (Tex. 1990); see Low v. Henry, 221
S.W.3d 609, 614 (Tex. 2007). An appellate court will set aside the decision only on a
showing of a clear abuse of discretion. Koslow's, 796 S.W.2d at 704. The test for abuse
of discretion is whether the trial court acted without reference to any guiding rules and
principles, or equivalently, whether under all the circumstances of the particular case the
trial court's action was arbitrary or unreasonable. Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985). The circumstances of the case include the reasons
offered and proved by the offending party or established as a matter of law on the record. 
Koslow's, 796 S.W.2d at 704. It is an abuse of discretion for the trial court to impose
sanctions when the defaulting party has inadequate notice or no notice of the sanctions
hearing. Plano Sav. & Loan Ass'n v. Slavin, 721 S.W.2d 282, 284 (Tex. 1986). 

 Generally, courts should presume that pleadings and other papers are filed in good
faith. GTE Commc'n Sys. Corp. v. Tanner, 856 S.W.2d 725, 730 (Tex. 1993). The party
seeking sanctions bears the burden of overcoming this presumption of good faith. Id. at
731.

 2. Background

 Cintas filed suit May 27, 2005, against its former employee, Minton, based upon its
contract with him. Minton filed a no-evidence motion for summary judgment on December
13, 2005, weeks after the employment contract expired on its own terms. Cintas non-suited its case, and the order of non-suit was signed January 6, 2006. 

 Minton's motion for summary judgment was set by the court for hearing on January
9, 2006. The court's notice read: "Please take notice that the No-Evidence Motion for
Summary Judgment filed by Defendant Gary Minton in the above-styled and numbered
cause is set for hearing on the 9th day of January, 2006[,] at 8:30 o'clock a.m. in the 107th
Judicial District Court, third (3rd) Floor, Cameron County Courthouse, 974 East Harrison
Street, Brownsville, Texas." Minton's original answer, his amended answer, and his motion
for summary judgment contained a cryptic, non-specific reference to a request for
attorney's fees and to section 10.001 of the Texas Civil Practice and Remedies Code. See
Tex. Civ. Prac. & Rem. Code Ann. § 10.001 (Vernon 2002).

 The motion for summary judgment was taken off the docket because of the non-suit. On the hearing date set by the court, the trial judge asked Minton's counsel what was
to be heard and noted that the case was not on the docket. The court coordinator
indicated she had removed the hearing from the docket and stated, "That was nonsuited,
Judge, but Mr. Quintanilla wants to address the Court on attorney's fees." The court
questioned: "This is a motion for attorney's fees?" Minton's counsel responded
affirmatively and informed the court that he had filed a no-evidence motion for summary
judgment which included pleadings for a violation of section 10.001. 

 When counsel for Minton was to testify, Cintas objected that no case was pending,
and there was nothing to be considered because there was no counterclaim and the case
had been dismissed. Counsel for Cintas clearly stated that the motion for sanctions was
not before the court. Counsel for Cintas also objected to the offer of attorney's fees and
requested an opportunity to review the exhibits and perhaps to cross examine the witness. 
He stated: "My understanding is this was a summary judgment hearing and that there
wouldn't be any evidence submitted [at] the hearing."

3. Notice and Summary Judgment Hearing


 In its second issue, Cintas argues the trial court erred in conducting a hearing on
sanctions without proper notice as required by section 10.002 of the Texas Civil Practice
and Remedies Code. See Tex. Civ. Prac. & Rem. Code 10.002 (Vernon 2002). In its
fourth issue, Cintas complains the trial court erred in permitting evidence to be submitted
at a summary judgment hearing. We address these issues together. First, Cintas notes
that the only matter set for hearing was the motion for summary judgment. Cintas had filed
a response to the motion and a non-suit of its claims against Minton. Despite the non-suit,
the court proceeded with a hearing. Rather than addressing the summary judgment matter
or re-setting the matter, the court sanctioned Cintas for the full amount of attorney's fees
requested. The court awarded three additional hours' worth of attorney's fees, in addition
to the amount originally requested, with little or no supporting evidence. Cintas argues that
Minton's so-called motions for sanctions neither gave notice of the hearing nor notice of
the allegations and reasonable opportunity to respond. We agree.

 Section 10.001 of the Texas Civil Practice and Remedies Code provides that a
person signing a motion or pleading certifies that "to the signatory's best knowledge,
information, and belief, formed after reasonable inquiry": (1) the motion or pleading is not
presented for an improper purpose; (2) each legal contention is warranted; (3) each factual
contention is likely to have evidentiary support; and (4) each denial of a factual contention
is warranted. See id. If there has been a violation of section 10.001, then "[a] party may
make a motion for sanctions," or the court on its own initiative may issue a show cause
order. See id. § 10.002 (Vernon 2002). Chapter 10 requires the court to provide a party
subject to sanctions notice and a reasonable opportunity to respond to the allegations. 
See id. § 10.003 (Vernon 2002). "A court that determines that a person has signed a
pleading or motion in violation of Section 10.001 may impose a sanction on the person, a
party represented by the person, or both." Id. § 10.004(a) (Vernon 2002). "The sanction
must be limited to what is sufficient to deter repetition of the conduct or comparable
conduct by others similarly situated." Id. § 10.004(b) (Vernon 2002). The sanction may
include: "(1) a directive to the violator to perform, or refrain from performing, an act; (2) an
order to pay a penalty into court; and (3) an order to pay to the other party the amount of
the reasonable expenses incurred by the other party because of the filing of the pleading
or motion, including reasonable attorney's fees." Id. § 10.004(c) (Vernon 2002). If the
court determines that section 10.001 has been violated and that a sanction should be
imposed, then the "court shall describe in an order imposing a sanction under this chapter
the conduct the court has determined violated Section 10.001 and explain the basis for the
sanction imposed." Id. § 10.005 (Vernon 2002).

 Chapter 10 of the civil practice and remedies code provides two ways to initiate
sanctions proceedings concerning frivolous pleadings and motions: (1) a party-initiated
motion, as authorized by section 10.002(a), describing specific conduct in violation of
section 10.001, or (2) a court-initiated motion with a show cause order from the court, as
authorized by section 10.002(b). See id. §§ 10.002(a),(b). Here, the trial court never
issued a show cause order. 

 Moreover, no formal motion for sanctions was filed in the case. While several
pleadings in the case made general reference to section 10.001, the statute requires
description of the specific conduct alleged to be in violation of the code. See id. §
10.002(a). Even if Minton's various answers and motion for summary judgment were
construed to satisfy section 10.002(a), section § 10.003 clearly states: "The court shall
provide a party who is the subject of a motion for sanctions under Section 10.002 notice
of the allegations and a reasonable opportunity to respond to the allegations." Id. §
10.003. The only notice afforded Cintas was that the court would hear Minton's motion for
summary judgment. Cintas was not given notice of the specific allegations regarding
sanctions or a reasonable opportunity to respond. We hold that both the form and
substance of the notice was inadequate. Slavin, 721 S.W.2d at 284; see Tex. Civ. Prac.
& Rem. Code §§ 10.002(a), 10.003; see also Finlay v. Olive, 77 S.W.3d 520, 524 (Tex.
App.-Houston [1st Dist.] 2002, no pet.). Cf. In re Bennett, 960 S.W.2d 35, 40 (Tex. 1997)
(per curiam).

 Cintas also argues the court erred in permitting evidence to be submitted at a
summary judgment hearing. Rule 166(c) of the Texas Rules of Civil Procedure supports
this argument because it provides that no oral testimony shall be received at the summary
judgment hearing. See Tex. R. Civ. P. 166(c). However, the record reveals that the only
matter set for hearing, the motion for summary judgment, was taken off the docket by the
coordinator. Nothing remained on the court's docket. We conclude that the trial court
erred in conducting a hearing when the scheduled summary judgment hearing was
removed from the docket and no proper notice was given to Cintas regarding a sanction
hearing. See Tex. Civ. Prac. & Rem. Code 10.003; Davila v. World Car Five Star, 75
S.W.3d 537, 542-543 (Tex. App.-San Antonio 2002, no pet.) (providing that the court's
power to sanction is limited by due process; proceedings for sanctions must afford a party
notice and an adequate opportunity to be heard). Accordingly, we sustain appellant's
issues two and four.




4. Grounds for Sanctions


 In its third issue, Cintas complains the trial court erred by failing to specify the
grounds for sanctions awarded. We agree. Section 10.005 obligates the trial court to
delineate the specific grounds of the sanctions as well as explain its findings. Rudisell v.
Paquiettee, 89 S.W.3d 233, 238 (Tex. App.-Corpus Christi 2002, no pet.). We have held
section 10.005 requires that "[a] court shall describe in an order imposing a sanction under
this chapter the conduct the court has determined violated Section 10.001 and explain the
basis for the sanction imposed." See id. (emphasis in original). The use of the word "shall"
in the statute indicates that the requirement for particularity in the sanction order is
mandatory. Id. The Texas Supreme Court has recently discussed the rule requiring the
trial court to specify both the grounds for sanctions and the court's explanation of the
degree of severe sanctions. See Low, 221 S.W.3d at 620.

 Appellee counters that appellant waived this issue. He cites Land v. AT & S
Transp., 947 S.W.2d 665, 666-67 (Tex. App.-Austin, 1997, no pet.), a sanctions case
under Rule 13, which held that the appellant waived any error by failing to object to the
form of the order or requesting more particularity in the order. Id. (citing Campos v. Ysleta
Gen. Hosp., Inc., 879 S.W.2d 67, 70 (Tex. App.-El Paso 1994, writ denied); McCain v.
NME Hosp., Inc., 856 S.W.2d 751, 756 (Tex. App.-Dallas 1993, no writ); Bloom v.
Graham, 825 S.W.2d 244, 247 (Tex. App.-Fort Worth 1992, writ denied)). However the
Land court acknowledges other courts have held that the language of Rule 13 is mandatory
and failure to comply constitutes an abuse of discretion. Id. (citing GTE Commc'ns Sys.
Corp. v. Curry, 819 S.W.2d 652, 654 (Tex. App.-San Antonio 1991, no writ); Watkins v.
Pearson, 795 S.W.2d 257, 260 (Tex. App.-Houston [14th Dist.] 1990, writ denied).

 First, we observe that Rule 13 does not contain the explicit mandatory language of
section 10.005. See Tex. R. Civ. P. 13. Second, we have already held that the language
requiring specific findings under Chapter 10 is mandatory. In Rudisell, we stated:

 We conclude that the sanction order in this case fails to comply with the
mandatory language of section 10.005. See Tex. Civ. Prac. & Rem. Code
Ann. § 10.005 (Vernon Supp. 2002). The trial court's order does not describe
the conduct that violates section 10.001, nor does it describe the reasons
warranting the sanctions imposed. The order only generally notes that
appellant failed to appear at the hearing on the Motion to Vacate Writ of
Possession and that the request for sanctions of appellee appears to have
"merit." Thus, we hold the trial court abused its discretion by entering a
sanction order without describing the conduct that violated section 10.001
and failing to explain the basis for imposing such sanctions.

89 S.W.3d at 238; see Barkhausen v. Craycom, Inc., 178 S.W.3d 413, 419 (Tex.
App.-Houston [1st Dist.] 2005, pet. denied); Finlay, 77 S.W.3d at 525; see also Tex. R.
App. P. 44.1(a)(2). We sustain appellant's third issue. 

5. Conclusion


 Because meaningful appellate review is precluded in part, and because appellant
did not receive adequate notice of either the sanction hearing or the grounds for sanctions
alleged against it, we reverse and remand for further proceedings consistent with this
opinion.

 

 DON WITTIG

 Justice 


Memorandum Opinion delivered and 

filed this 28th day of February, 2008.
1. Pursuant to the government code, the Chief Justice of the Texas Supreme Court assigned retired
Fourteenth Court of Appeals Justice Don Wittig to this Court. See Tex. Gov't Code Ann. § 74.003 (Vernon
2005).