

NUMBER 13-05-00515-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SHARON HEMPHILL,                                       **Appellant,**

**v.**

MICHAEL H. HUMMELL,                                     **Appellee.**

**On appeal from the 105th District Court of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Vela and Wittig[1]
Memorandum Opinion Per Curiam**

Sharon Hemphill, appellant, seeks to overturn a $10,000 sanction order imposed against her by the trial court. She contends that the order should be set aside on grounds

---

[1] Retired Fourteenth Court of Appeals Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See Tex. Gov't Code Ann*. § 74.003 (Vernon 2005).

including lack of notice, lack of statutory authority, no evidence or insufficient evidence, unjust sanctions, and improper conduct by appellee, Michael Hummell. Both parties are currently licensed attorneys in this state, and variously accuse each other of all manner of non-professional conduct. We reverse and remand.

## 1. Standard of Review

The imposition of an available sanction is left to the sound discretion of the trial court. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Koslow's v. Mackie*, 796 S.W.2d 700, 704 (Tex. 1990). An appellate court will set aside the decision only on a showing of a clear abuse of discretion. *Id.* The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles, or equivalently, whether under all the circumstances of the particular case, the trial court's action was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). The circumstances of the case include the reasons offered, and proved, or established as a matter of law on the record. *Koslow's*, 796 S.W.2d at 704. It is an abuse of discretion for the trial court to impose sanctions when the defaulting party has inadequate notice or no notice of the sanctions hearing. *Plano Savings & Loan Ass'n v. Slavin*, 721 S.W.2d 282, 284 (Tex. 1986). Generally, courts should presume that pleadings and other papers are filed in good faith. *GTE Commc'n Sys. Corp. v. Tanner*, 856 S.W.2d 725, 730 (Tex. 1993). The party seeking sanctions bears the burden of overcoming this presumption of good faith. *Id.* at 731.

Section 10.001 of the Texas Civil Practice and Remedies Code provides that a person signing a motion or pleading certifies that "to the signatory's best knowledge,

2

information, and belief, formed after reasonable inquiry": (1) the motion or pleading is not presented for an improper purpose; (2) each legal contention is warranted; (3) each factual contention is likely to have evidentiary support; and (4) each denial of a factual contention is warranted. TEX. CIV. PRAC. & REM. CODE ANN. § 10.001 (Vernon 2002). If there has been a violation of section 10.001, then "[a] party may make a motion for sanctions," or the court on its own initiative may issue a show cause order. *Id.* § 10.002. Chapter 10 requires the court to provide a party subject to sanctions with notice and a reasonable opportunity to respond to the allegations. *Id.* § 10.003. "A court that determines that a person has signed a pleading or motion in violation of Section 10.001 may impose a sanction on the person, a party represented by the person, or both." *Id.* § 10.004(a). "The sanction must be limited to what is sufficient to deter repetition of the conduct or comparable conduct by others similarly situated." *Id.* § 10.004(b). The sanction may include: "(1) a directive to the violator to perform, or refrain from performing, an act; (2) an order to pay a penalty into court; and (3) an order to pay to the other party the amount of the reasonable expenses incurred by the other party because of the filing of the pleading or motion, including reasonable attorney's fees." *Id.* § 10.004(c). If the court determines that section 10.001 has been violated and that a sanction should be imposed, then the "court shall describe in an order imposing a sanction under this chapter the conduct the court has determined violated Section 10.001 and explain the basis  for the sanction imposed." *Id.* § 10.005.

Chapter 10 of the Texas Civil Practices and Remedies Code provides two ways to initiate sanctions proceedings concerning frivolous pleadings and motions: (1) a party-initiated motion, as authorized by section 10.002(a), describing specific conduct in

violation of section 10.001, or (2) a court-initiated motion with a show cause order from the court, as authorized by section 10.002(b). Here, the trial court never issued a show cause order.

Rule 13 provides for sanctions if a party files a pleading that is "groundless and brought in bad faith or groundless and brought for the purpose of harassment." TEX. R. CIV. P. 13. "Groundless" means no basis in law or fact and not warranted by a good faith argument for the extension, modification, or reversal of existing law. *Id.* Rule 13 requires the trial court to hold an evidentiary hearing to make the necessary factual determinations about the motives and credibility of the person signing the allegedly groundless petition. *Bisby v. Dow Chem. Co.,* 931 S.W.2d 18, 21 (Tex. App.–Houston [1st Dist.] 1996, no writ). In evaluating an allegation of a rule 13 violation, "[c]ourts shall presume that pleadings, motions, and other papers are filed in good faith." TEX. R. CIV. P. 13. The party seeking sanctions bears the burden of overcoming the presumption of good faith in the filing of pleadings. *GTE Commc'n Sys. Corp.,* 856 S.W.2d at 731. A court may not impose sanctions under rule 13 "except for good cause, the particulars of which must be stated in the sanction order." *Id.* at 730. "A trial court's failure to specify the good cause for sanctions in a sanction order may be an abuse of discretion." *Gaspard v. Beadle*, 36 S.W.3d 229, 239 (Tex. App.–Houston [1st Dist.] 2001, pet. denied). A rule 13 sanction order must be supported by specific allegations of good cause. *Id.*

The purposes of the Rule 13 particularity requirement are to: (1) ensure that the trial court is held accountable and adheres to the standard of the rule; (2) require the trial court to reflect carefully on its order before imposing sanctions; (3) inform the offending party of

4

the particular conduct warranting sanction, for the purpose of deterring similar conduct in the future; and (4) enable the appellate court to review the order in light of the particular findings made by the trial court. *Houtex Ready Mix Concrete & Materials v. Eagle Constr. & Envtl. Servs., L.P.*, 226 S.W.3d 514, 522 (Tex. App.–Houston [1st Dist.] 2006, no pet.). "In reviewing sanction orders, the appellate courts are not bound by a trial court's findings of fact and conclusions of law; rather, appellate courts must independently review the entire record to determine whether the trial court abused its discretion." *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006).

Under rule 13, "the signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment." TEX. R. CIV. P. 13. Courts may, under rule 13, "impose sanctions against parties filing frivolous claims to deter similar conduct in the future and to compensate the aggrieved party by reimbursing the costs incurred in responding to baseless pleadings." *Scott & White Mem'l Hosp. v. Schexnider,* 940 S.W.2d 594, 596-97 (Tex. 1996).

"'Groundless' for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law." TEX. R. CIV. P. 13; *see Hartman v. Urban*, 946 S.W.2d 546, 551 (Tex. App.–Corpus Christi 1997, no writ). To determine if a pleading was groundless, that is, filed for an improper purpose, the trial court must objectively ask whether the party and counsel made a reasonable inquiry into the legal and factual basis of the claim at the time the suit was

5

filed. *See Loeffler v. Lytle Indep. Sch. Dist.*, 211 S.W.3d 331, 348 (Tex. App.–San Antonio 2006, pet. denied). A trial court may not base rule 13 sanctions on the legal merit of a pleading or motion. *Emmons v. Purser,* 973 S.W.2d 696, 700 (Tex. App.–Austin 1998, no pet.). The mere filing of a motion or pleading that the trial court denies does not entitle the opposing party to rule 13 sanctions. *Id.*

Section 9.012 of the civil practice and remedies code allows a trial court to penalize a party for signing a petition that is groundless and brought in bad faith or for purposes of harassment  or for other improper purposes. TEX. CIV. PRAC. & REM. CODE ANN. § 9.012 (Vernon 2002).

### 2.  Notice

Appellant complains appellee's sanction motion was set without notice to appellant on April 14, 2003.  She further asserts the trial court issued a verbal order that no hearing would be set without his signature.  Thereafter, hearings proceeded on December 16, 2003 and July 27, 2004.  The final sanction order recites only its reliance upon the hearings of December 16, 2003, and July 27, 2004.  Appellant's allegations concerning  the April 14, 2003 matter are thus not material.

The record reflects that appellant's plea to the jurisdiction was set and heard on December 16, 2003.  After the trial court overruled appellant's motion, appellee took the stand and proceeded to testify concerning the sanction matter.  Appellant raised no objection at that time and, in fact, cross-examined appellee.  During the hearing, appellant informed the court she was unprepared and requested an extension of time to conclude the sanction matter.  Appellant stated she needed "A couple of days. . . ."  The trial court granted appellant additional time and re-set the matter. The hearing did not resume until

6

July 27, 2004.

Appellee cites *In re C. O. S.*, 988 S.W.2d 760, 466 (Tex. 1999) (discussing waivable and non-waivable rights) and *Powers v. Palacios*, 771 S.W.2d 716, 718 (Tex. App.–Corpus Christi 1989, writ denied) (noting that when appellants not only failed to object, but appeared, did not request a continuance, and fully participated in the hearing, any deficiencies in service or notice were waived) (citing *Sloan v. Rivers*, 693 S.W.2d 782, 784 (Tex. App.–Fort Worth 1985, no writ)). We agree with appellee that appellant waived any error with regard to notice as to the date and time of the hearing. *Powers,* 771 S.W.2d at 718.

Appellee also points out that his motion for sanctions gave notice of the hearing of December 16, 2003. While it is true that the motion did give notice of the hearing date itself, it relied only upon rule 13 and chapter 9 of the Texas Civil Practice and Remedies Code. *See* TEX. R. CIV. P. 13; TEX. CIV. PRAC. & REM. CODE ANN. § 9.001 (Vernon 2002). The record does not show that appellant was provided with the required notice under chapter 10 by either the trial court or appellee. TEX. CIV. PRAC. & REM. CODE § 10.003. Chapter 10 requires the court itself to give notice and an opportunity to respond to the "party who is the subject of a motion for sanctions." *Id.* §§ 10.001-.006. This was not done. Nor was notice provided of the December 16, 2003 hearing, signed by the trial court, as required by the trial court's own order to the parties.[2] In other words, appellee failed to give notice as required by the trial court's oral order, the trial court failed to give notice as required by

---

[2] Because of multiple problems between the parties concerning settings, the trial court instructed the parties that only the trial court would sign a notice for sanction hearings. This order of the trial court was apparently ignored by appellee. The trial court itself gave no notice of the December 16, 2003 hearing under any of the possible bases for sanctions: chapter 9, chapter 10, or rule 13.

chapter 10, and appellee's motion for sanctions gave no notice of any proceeding under chapter 10. Because the statutory notice requirements of chapter 10 were not met, it would be an abuse of discretion to award sanctions on that basis. *See Plano Sav. & Loan Asso. v. Slavin*, 721 S.W.2d 282, 284 (Tex. 1986) (holding that party had inadequate notice of the sanctions hearing, which he was required to have).

We also note that the sanction order itself states it was based upon appellee's motion for sanctions. Again, that motion made no mention of chapter 10 sanctions.

Chapter 9 Sanctions

Notice under chapter 9, though seemingly less onerous than under chapter 10, still requires "reasonable notice." One salient difference on the imposition of sanctions under chapter 9 is its mandate to the trial court to afford the offending party ninety days within which to withdraw the offending pleading. TEX. CIV. PRAC. & REM. CODE ANN. § 9.012(c) ("the court shall, not earlier than 90 days after the date of the determination, at the trial or hearing or at a separate hearing following reasonable notice to the offending party, impose an appropriate sanction on the signatory, a represented party, or both.")

Appellant argues, and we agree, that she was not afforded this opportunity. The sanctionable conduct was found and sanctions were awarded by the same court order of April 21, 2005. This was the first notice to appellant that she would be sanctioned under chapter 9. While there is a letter from the court in August 2004, it neither sets forth the statutory basis for the sanctions, nor does it grant any notice that would apprise appellant of her available remedy under chapter 9. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 9.012(d) (court may not order an offending party to pay the incurred expenses of a party who stands in opposition to the offending pleading if, before the 90th day after the court makes a

determination under subsection (a), the offending party withdraws the pleading or amends the pleading to the satisfaction of the court or moves for dismissal of the pleading or the offending portion of the pleading).  We also note the letter sets forth no basis upon which the court determined the appropriate amount of the sanction.

Chapter 9 sets forth a clear two-part procedure.  After determining that a pleading was signed in violation of any one of the standards prescribed by section 9.011, "the court shall, not earlier than 90 days after the date of the determination, at the trial or hearing or at a separate hearing following reasonable notice to the offending party, impose an appropriate sanction on the signatory, a represented party, or both."  *Id.* § 9.012(c).

Here, the trial court determined that sanctions against appellant were appropriate and, in the same order on the same day, imposed a sanction.  Because this order violates section 9.012(c)'s requirement of a ninety-day interval between the date of determination of a violation and the imposition of a sanction,  we conclude that chapter 9 cannot support the trial court's order of sanctions.  *Id.*;  *Elkins v. Stotts-Brown*, 103 S.W.3d 664, 668 (Tex. App.–Dallas 2003, no pet.).

Chapter 9 also specifically states that all determinations and orders pursuant to this chapter are solely for purposes of this chapter and shall not be the basis of any liability, sanction, or grievance other than as expressly provided in this chapter.  TEX. CIV. PRAC. & REM. CODE ANN. § 9.012(g).  Furthermore, the section does not apply to any proceeding to which section 10.004 or rule 13 applies.  *Id.* § 9.012(h).  Thus, to the extent the trial court considered any alleged violation under chapter 9 in awarding sanctions under rule 13, it was an abuse of discretion.  *See Low*, 221 S.W.3d at 614.

Rule 13 Sanctions

9

We next examine whether the trial court's sanction of $10,000 was justified under rule 13 alone. *See* TEX. R. CIV. P. 13. Rule 13 authorizes the imposition of the sanctions listed in Texas Rule of Civil Procedure 215.2(b), which only provides for a monetary penalty based on expenses, court costs, or attorney's fees. *Low*, 221 S.W.3d at 614. Generally, a sanction cannot be excessive and should not be assessed without appropriate guidelines. *Id.* at 620. When an appellate court reviews a sanctions order, it must perform a two-part *TransAmerican* analysis. *See Jones*, 192 S.W.3d at 585 (citing *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991)). We should determine not only that sanctions are visited upon the true offender, but that less severe sanctions would not promote compliance. *Id.* Here, the first prong is arguably satisfied because the trial court determined that Dr. Campbell, appellant's client, should not be sanctioned for his apparent anger and desire for retaliation against appellee. Rather, it was Campbell's counsel's obligation not to file the intervention for Campbell's fees and other claims.

Rule 215.2(b), according to the supreme court, authorizes a monetary penalty based on expenses, court costs, or attorney's fees. *Low,* 221 S.W.3d at 614. In its order, the trial court found an amount of $10,000, "which represents reasonable and necessary attorney fees incurred by Hummell." Hummell did not testify about costs or expenses. He did not address the necessity of any attorney's fees. He did not indicate familiarity with the usual and customary fees in or around Nueces County. He did not testify as to the amount of time expended or by whom it was expended. In short, he did not testify about or otherwise satisfy the *Anderson* factors. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). Appellee only voiced a conclusory opinion on what constitutes a

reasonable fee: "According to reviewing the file and looking at the time, I would say $15,000."

As a general rule, the party seeking to recover attorney's fees carries the burden of proof. *Stewart Title Guaranty Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991) (citing, *e.g., Kimbrough v. Fox*, 631 S.W.2d 606, 609 (Tex. App.–Fort Worth 1982, no writ); *Corpus Christi Dev. Corp. v. Carlton*, 644 S.W.2d 521, 523 (Tex. App.–Corpus Christi 1982, no writ); *Bavarian Autohaus, Inc. v. Holland*, 570 S.W.2d 110, 116 (Tex. Civ. App.–Houston [1st Dist.] 1978, no writ)). When a party seeks to recover attorney's fees in cases where there are multiple defendants, and one or more of those defendants have made settlements, a plaintiff must segregate the fees owed by the remaining defendants from those owed by the settling defendants so that the remaining defendants are not charged fees for which they are not responsible. *Id.* at 10-11 (citing *Wood v. Component Constr. Corp.*, 722 S.W.2d 439, 444-45 (Tex. App.–Fort Worth 1986, no writ); *Verette v. Travelers Indem. Co.*, 645 S.W.2d 562, 568 (Tex. App.–San Antonio 1982, writ ref'd n.r.e.); *Stone v. Lawyers Title Ins. Corp.*, 537 S.W.2d 55, 63-64 (Tex. Civ. App.– Corpus Christi 1976), *rev'd in part on other grounds*, 554 S.W.2d 183 (Tex. 1977)).

An award of attorney's fees must be supported by evidence that the fees were both reasonable and necessary. *Id.* at 10. A trial court may determine the reasonableness of an attorney's fee award by considering the factors enumerated in *Andersen. Anderson*, 945 S.W.2d at 818 (quoting TEX. DISCIPLINARY R. PROF. CONDUCT 1.04(b), reprinted in TEX. GOV'T CODE ANN. tit. 2, subtit. G app. (STATE BAR RULES, art. X, § 9); *C.M. Asfahl Agency v. Tensor, Inc.*, 135 S.W.3d 768, 801-02 (Tex. App.–Houston [1st Dist.] 2004, no pet.).

11

Under the record, the *Anderson* factors were not proven and, therefore, apparently not considered by the trial court. The record does not independently support the necessity of $10,000 worth of sanctions. *See* TEX. R. APP. P. 44.1(2). The problem is amplified by the fact that sanctions were not available under chapter 9 or chapter 10, as discussed above.

Generally, a sanction cannot be excessive, nor should it be assessed without appropriate guidelines. *Low*, 221 S.W.3d at 620-21. The absence of an explanation of how a trial court determined that amount of sanctions when those sanctions are especially severe is inadequate. *Id.* Although the trial court is not required to address all of the available factors, it should consider relevant factors in assessing the amount of the sanction. *Id.* Some of the factors to be considered by the trial court include:

a. the good faith or bad faith of the offender;

b. the degree of willfulness, vindictiveness, negligence, or frivolousness involved in the offense;

c. the knowledge, experience, and expertise of the offender;

d. any prior history of sanctionable conduct on the part of the offender;

e. the reasonableness and necessity of the out-of-pocket expenses incurred by the offended person as a result of the misconduct;

f. the nature and extent of prejudice, apart from out-of-pocket expenses, suffered by the offended person as a result of the misconduct;

g. the relative culpability of client and counsel, and the impact on their privileged relationship of an inquiry into that area;

h. the risk of chilling the specific type of litigation involved;

i. the impact of the sanction on the offender, including the offender's ability to pay a monetary sanction;

j. the impact of the sanction on the offended party, including the offended person's need for compensation;

12

k. the relative magnitude of sanction necessary to achieve the goal or goals of the sanction;

l. burdens on the court system attributable to the misconduct, including consumption of judicial time and incurrence of juror fees and other court costs;

* * *

n. the degree to which the offended person's own behavior caused the expenses for which recovery is sought . . . .

*Id.*

In this case, the record does not indicate the trial court considered the relevant factors, and particularly whether or not a lesser sanction would have been sufficient regarding this apparent one-time episode by counsel. *See Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 883 (Tex. 2003) (the record should contain some explanation of the appropriateness of the sanctions imposed). The record is silent regarding the consideration and effectiveness of less stringent sanctions. Finally, the severity of sanctions is also limited by constitutional standards. TEX. CONST. art. I, § 13; *Pennington v. Singleton*, 606 S.W.2d 682, 690 (Tex. 1980).

## Conclusion

In sum, the stated bases for the trial court's sanction were violations of chapters 9 and 10 of the Civil Practice and Remedies Code, and rule 13. For the reasons stated above, the record does not support either chapter 9 or chapter 10 as a valid basis for sanctions in this case. While sanctions may be available here under rule 13, both the lack of evidence for the amount of necessary attorney's fees and the failure of the trial court to demonstrate either the rationale for the sanction imposed or that a lesser sanction would

13

have sufficed, require a remand. There is no showing that less severe sanctions would not promote compliance. *Jones,* 192 S.W.3d at 585. Upon remand, the trial court should also consider the conduct of appellee, including appellant's allegations of misconduct made apparently for the first time in this appeal. *See Low*, 221 S.W.3d 620-21.

We reverse and remand.


PER CURIAM


Memorandum Opinion delivered and
filed this the 31st day of July, 2008.