

NUMBER 13-10-00305-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

WILFREDO AVILES, M.D. AND
WILFREDO AVILES, M.D., P.A.,                                    Appellants,

v.

ALBERT AGUIRRE AND LOUANN AGUIRRE,
INDIVIDUALLY AND AS NEXT FRIENDS OF
ALBERT AGUIRRE, JR., A MINOR CHILD,                          Appellees.

On appeal from the 370th District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Memorandum Opinion by Justice Benavides**

By one issue, appellants Wilfredo Aviles, M.D. and Wilfredo Aviles M.D., P.A.,

(collectively, "Dr. Aviles") argue that the trial court erred when it ordered that attorney's fees awarded under article 4590i were recoverable only from appellees and not from appellees' attorneys.   We affirm.

## I. BACKGROUND

Appellees, Albert Aguirre and twenty other plaintiffs (collectively "the Aguirre plaintiffs"), sued Dr. Aviles for medical negligence.   Specifically, the Aguirre plaintiffs brought suit against Dr. Aviles for misrepresentation of his physician's assistant's qualifications, because the physician's assistant falsely claimed that he was a doctor. Dr. Aviles originally filed a motion to dismiss for failure to file an expert report in 1997 under the previous medical malpractice statute in Texas.   *See* TEX. CIV. STAT. ANN. art. 4590i, *repealed by* Acts 2003, 78th Leg., R. S., ch. 204, § 10.09, 2003 TEX. GEN. LAWS 847, 884 (hereinafter "article 4590i").   In 2004, the underlying case was dismissed under article 4590i, section 13.01, as no expert report was filed.   However, because no attorney's fees were awarded at that time, Dr. Aviles appealed.   This Court affirmed the trial court's judgment, but the Texas Supreme Court reversed and remanded the case to the trial court for further proceedings to award reasonable attorney's fees and costs incurred by Dr. Aviles.   *See Aviles v. Aguirre*, 292 S.W.3d 648 (Tex. 2009) (per curiam).

After the supreme court's ruling and related mandate, Dr. Aviles filed a motion to enter an order for reasonable attorney's fees and costs.   The mandate from the supreme court did not require, nor did Dr. Aviles's motion seek, attorney's fees from any specific party.   The trial court held a hearing on the issue of attorney's fees on

2

November 9, 2009. The attorney for Dr. Aviles, Ronald Hole, testified and presented evidence of attorney's fees in the amount of $144,000. He also averred to appellate fees of $8,000, if appealed to the intermediate court, an additional $5,000 if a petition of review was sought, and $6,000 if the petition for review was granted by the supreme court. No further testimony was given. During oral argument, Hole argued that the attorney's fees should be assessed against the Aguirre plaintiffs' attorneys as the wrongful acting party.

The trial court's order granted Dr. Aviles's motion on May 10, 2010, but ordered the Aguirre plaintiffs, not the Aguirre attorneys, to pay Dr. Aviles's attorney's fees of $144,000. Dr. Aviles appealed.

## II. STANDARD OF REVIEW

A trial court's award of attorney fees is reviewed under an abuse of discretion standard. *Sandles v. Howerton*, 163 S.W.3d 829, 838 (Tex. App.—Dallas 2005, no pet.). The trial court abuses its discretion if it acted arbitrarily or unreasonably or without reference to any guiding rules or principles. *See Walker v. Gutierrez,* 111 S.W.3d 56, 62 (Tex. 2003); *Strom v. Mem'l Hermann Hosp. Sys.,* 110 S.W.3d 216, 220 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). We may not reverse a discretionary ruling simply because we might have reached a different outcome. *Muller v. Beamalloy, Inc.*, 994 S.W.2d 855, 858 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

It is an abuse of discretion for the trial court to impose sanctions when the defaulting party has inadequate notice or no notice of the sanctions hearing. *Plano*

3

*Savings & Loan Ass'n v. Slavin,* 721 S.W.2d 282, 284 (Tex. 1986). Generally, courts should presume that pleadings and other papers are filed in good faith. *GTE Comm'n Sys. Corp. v. Tanner,* 856 S.W.2d 725, 730 (Tex. 1993). The party seeking sanctions bears the burden of overcoming this presumption of good faith. *Id.* at 731.

### III. ANALYSIS

Dr. Aviles's sole issue on appeal is that the trial court erred when it ordered that the attorney's fees awarded under article 4590i be recoverable only from the Aguirre plaintiffs and not their attorneys. *See* TEX. CIV. STAT. ANN. art. 4590i, *repealed by* Acts 2003, 78th Leg., ch. 204, § 10.09, eff. Sept. 1, 2003. This Court recently considered this issue in *Clinica Santa Maria v. Martinez.* No. 13-09-00573-CV, 2010 Tex. App. LEXIS 4788 (Tex. App.—Corpus Christi June 24, 2010, pet. denied) (mem. op). In *Clinica Santa Maria*, the trial court awarded attorney's fees and assessed them against the party only, not the attorney. *Id.* at *9. On appeal, the appellant argued that the fees should have been assessed against the attorneys.[1] *Id.*

We decided in *Clinica Santa Maria* that even though article 4590i mandated the award of sanctions and that attorney's fees can be assessed as such, it gives the trial court discretion with respect to whom the court should sanction. *Id.*; *see also Gurkoff v. Jersak*, No. 02-07-00101-CV, 2008 Tex. App. LEXIS 2677, at *4 (Tex. App.—Fort Worth Apr. 10, 2008, pet. denied) (mem. op). An appellate court should not substitute its judgment for that of the trial court unless the actions of the trial court exceeded the

---

[1] We note that Ronald Hole, the same attorney who argued that attorney's fees should be assessed against the attorney, advances the same argument in this case.

4

bounds of reasonable discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002). Accordingly, a defendant cannot choose who should pay sanctions; they are awarded against the offending party as determined by the trial court. *See In re SCI Tex. Funeral Services, Inc.*, 236 S.W.3d 759, 761 (Tex. 2007).

Here, we note that the trial court recognized during the hearing that the attorneys present for the Aguirre plaintiffs were not the attorneys who originally filed the lawsuit. The trial court also noted that both the medical malpractice statute and the case law interpreting the statute had changed during the pendency of the underlying suit. The record also showed that it was not clear until 2003 that this case was a medical malpractice lawsuit and not a lawsuit under the Texas Deceptive Trade Practices Act; while the former requires an expert report for the case to continue, the latter does not.

Further, and as we noted in *Clinica Santa Maria*, "to insist that the sanctions be awarded against counsel would have a chilling effect upon attorneys who, in good faith, pursue their client's claims*." Clinica Santa Maria*, 2010 Tex. App. LEXIS 4788, at *15. Attorneys cannot be punished for changes in the legislature or for not knowing that the court would change the law. In light of the foregoing, we cannot say that the trial court abused its discretion when it determined that the Aguirre plaintiffs, and not the Aguirre attorneys, were responsible for the attorney's fees. It is evident that the court considered the record as a whole to determine if there was a wrongful party. We will not overrule this discretionary decision, as it does not appear arbitrary or unreasonable. *See Walker,* 111 S.W.3d at 62. We overrule Dr. Aviles's sole issue.

5

Because this issue is dispositive of the appeal, we need not address the Aguirre plaintiffs' issue regarding waiver.   *See* TEX. R. APP. P. 47.1.

## IV.  CONCLUSION

Having overruled Dr. Aviles's sole issue, we affirm the trial court's ruling.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
31st day of August, 2011.

6