**Michael A. BLOOM, Appellant,**

v.

**Karen Jean GRAHAM and Edward Russell Graham III, Appellees.**

**No. 2–91–100–CV.**

Court of Appeals of Texas,
Fort Worth.

Feb. 26, 1992.

Rehearing Overruled March 31, 1992.

John L. McCraw, Jr., McKinney, Mike Gregory, Denton, for appellant.

Paul M. Rothermel, Jr., Richardson, for appellees.

Before HILL, MEYERS and DAY, JJ.

OPINION

HILL, Justice.

Michael A. Bloom appeals from an order imposing sanctions against him for actions taken while he was the attorney of record for Karen Jean Graham, following the entry of a decree of divorce of her marriage to Edward Russell Graham III. Bloom was ordered to pay $3,944.00 to Karen and $1,806.00 to Edward within 30 days of the signing of the order imposing sanctions.

Bloom contends in four points of error that the trial court erred in granting sanctions because: (1) TEX.R.CIV.P. 215(2)(b) provides no authority for sanctions for matters unrelated to discovery; (2) the sanctions order fails to comply with TEX. R.CIV.P. 13 because there is no finding that good cause exists for the sanctions, and it fails to state the "particulars" that led to the sanctions; (3) when filing a motion for new trial for Karen he was acting within the scope of his authority as attorney of record, based upon his knowledge at the time the pleading was filed; and (4) the trial court had no jurisdiction over him because he was not a party to the suit at the time the sanction order was entered since he had previously been dismissed as attorney of record. Bloom urges in a fifth point of error that the trial court erred in failing to grant Karen's motion for new trial when he, as her attorney of record, had not been given notice of the hearing concerning the entry of an agreed decree of divorce.

We affirm because: (1) sanctions as outlined in TEX.R.CIV.P. 215(2)(b) are authorized by rule 13 whenever an attorney files a pleading that is groundless and brought in bad faith or groundless and brought for

the purpose of harassment, not just in discovery proceedings; (2) Bloom did not request that the trial court be more specific as to good cause or its particulars and because any error in lack of specificity as to good cause or its particulars was harmless because it was not reasonably calculated to cause nor did it probably cause the rendition of an improper judgment, nor did it prevent a proper presentation to this court; (3) the record would have supported a conclusion by the trial court that Bloom was acting without regard to his client's interest in an effort to collect his attorney's fee; (4) nothing in rule 13 of the Texas Rules of Civil Procedure precludes the trial court from imposing sanctions against an attorney simply because the attorney is no longer the attorney of record at the time the sanction is imposed; and (5) Bloom has not urged any satisfactory reason why he as the attorney of record or former attorney of record should have any right to a new trial of his client's divorce when neither the client, her former spouse, nor even Bloom himself has suggested any different result that should follow if the case were tried again. Additionally, because we do not find that Bloom has taken this appeal for delay and without sufficient cause, we do not impose sanctions authorized by TEX.R.APP.P. 84, as urged by Karen Graham in a cross-point on appeal.

Bloom represented Karen in the divorce proceedings between her and Edward. After he sent her a bill for his services, she wrote him to tell him that he was no longer her attorney. He replied by telling her that he would need to file and present a motion and order to withdraw and that he would charge her for that service. He gave her the option of paying the bill and continuing his service. She did not reply to his letter. Bloom did not file a motion to withdraw.

■ Karen and Edward subsequently appeared in court with Edward's attorney and obtained an agreed decree of divorce. Bloom received no notice of this hearing, although he had never withdrawn as Karen's attorney. When he learned of the agreed decree, he filed a motion for new trial, without consulting with Karen, asking that the divorce decree be set aside and a new trial granted. He also filed, at the same time, a motion for sanctions complaining of the "ex parte" divorce hearing, seeking rule 13 sanctions against Edward and his attorney.

Approximately two weeks later, Karen filed an answer to Bloom's motions, stating that she had never discussed the motions with him and requesting that he promptly withdraw them and cease representing himself to the court as her attorney. Later, Karen wrote another letter to Bloom, reminding him of her prior letter discharging him and ordering him to stop representing her.

Subsequently, Bloom filed a supplement to the motion for new trial, suggesting that Edward, possibly in league with Karen, might be committing a fraud on the court. He responded to Edward's petition requesting that he show his authority to file his motions on Karen's behalf. Later, he filed a supplement to his motion for sanctions, again citing the possible fraud on the court. Three days after Bloom filed his supplement to the motion for sanctions, Karen filed notice with the court that she had obtained other counsel, requesting that an order of substitution of counsel be entered if necessary.

Within the week, Bloom filed a motion requesting that the court appoint an attorney ad litem to represent the children on the motion for new trial on the theory that the children had not been represented in the divorce proceeding since he had not been notified of the hearing. At the same time, he filed a motion requesting the court to disqualify Karen's new attorney, cause the removal of any instruments filed by Karen on her own behalf or by her new attorney, and to deny Edward's motion requesting him to show his authority to act for Karen. The same morning the motions were filed, the trial court substituted Karen's new attorney, Mike Gregory, as her attorney of record in place of Bloom.

The hearing on sanctions began five days before the last flurry of motions and, following a break in the proceedings, was

concluded slightly more than two weeks after the last motions were filed. Bloom appeared initially but did not appear for the second portion of the hearing. Bloom did not testify, although he made an extensive opening statement. The trial court assessed sanctions against Bloom, in the amounts previously indicated, pursuant to rule 13 of the Texas Rules of Civil Procedure.

Rule 13 of the Texas Rules of Civil Procedure authorizes the imposition of sanctions available under rule 215(2)(b) of the Rules of Civil Procedure against an attorney, a represented party, or both, who file a pleading that is groundless and brought in bad faith or groundless and brought for the purpose of harassment. We hold that a rational fact finder could have concluded that Bloom's petitions were groundless, brought in bad faith, and brought for the purpose of harassment. Consequently, we hold that the trial court did not err in imposing sanctions against Bloom pursuant to the rule.

■ Bloom argues in point of error number one that the court erred by sanctioning him under rule 215(2)(b) of the Texas Rules of Civil Procedure because such sanctions are inappropriate in matters unrelated to discovery. As we have previously noted, rule 13 provides that the sanctions that are available pursuant to the rule are those contained in rule 215(2)(b). The sanctions imposed are rule 13 sanctions, only the range of available sanctions being governed by rule 215(2)(b). Bloom provides us with no authority that rule 13 sanctions are inappropriate in matters unrelated to discovery. We overrule point of error number one.

■ Bloom insists in point of error number two that the sanctions judgment should be reversed because it does not find that "good cause" exists for the sanctions and fails to state the particulars of "good cause" in the sanction order. In its order on motion for sanctions the court held that sanctions should be imposed upon Bloom because of "his actions in this case which were without the authority of Karen Jean Graham." The record does not reflect that Bloom filed any motion requesting that the trial court be more specific as to good cause or its particulars. Consequently, Bloom presents nothing for review. TEX. R.APP.P. 52(a).

■ Bloom relies on the case of *Watkins v. Pearson*, 795 S.W.2d 257 (Tex.App.— Houston [14th Dist.] 1990, writ denied). We note that in that case the trial court stated that good cause existed for its sanction order, but it did not state in any fashion what the good cause might have been. *Id.* at 260. In this case the trial court stated that the good cause was the actions taken by Bloom without Karen's authority. Since every action taken by Bloom in this case following the entry of the divorce decree was without Karen's consent, we conclude that the trial court imposed the sanctions based on each and every one of those actions. We hold that Bloom's actions constitute sufficient good cause to support rule 13 sanctions. Additionally, we hold that any error was harmless because it was not reasonably calculated to cause nor did it probably cause the rendition of an improper judgment or prevent a proper presentation to this court. TEX.R.APP.P. 81(b)(1); *see Powers v. Palacios*, 771 S.W.2d 716, 718-19 (Tex.App.—Corpus Christi 1989, writ denied). We overrule point of error number two.

■ Bloom contends in point of error number three that the trial court erred in sanctioning him for filing the motion for new trial because he was properly acting within his authority as her attorney of record based upon the facts as he knew them at the time that the pleadings were filed. He asserts that he had no way of knowing that Karen was "in league" with Edward in entering into the agreed decree, citing a recent unclaimed letter he had sent to her.

Karen's letter discharging Bloom from representation, coupled with her entering into an agreed decree of divorce without notice to him, should have put Bloom on notice that she did not wish him to participate in the case further. The record reflects no effort on Bloom's part to contact

Karen after he learned of the divorce decree to determine whether she wanted him to take any action on her part. Bloom refers us to a recent unclaimed letter, inferring that he could not have reached Karen. However, Karen's current residence address, her place of employment, and her home telephone and employment telephone numbers are all contained in the divorce decree. Bloom does not mention all of the actions that he took in this case after learning of Karen's opposition to what he was doing, nor his failure to withdraw his motion or to file a motion to withdraw. We hold that a rational trier of fact could have concluded that Bloom, instead of trying to act in his client's best interests as he asserts here, was acting without regard to his client's interest in an effort to collect his attorney's fee. Bloom erroneously assumes that his status as attorney of record confers upon him the right to act without consulting his client and contrary to her expressed wishes. Under rule 13, Bloom had the responsibility to make reasonable inquiry that what he was doing was authorized by Karen. We overrule point of error number three.

■ In point of error number four, Bloom presents us with his argument that the trial court did not have jurisdiction to impose a rule 13 sanction against him because he was no longer the attorney of record at the time the judge entered the sanction order. Rule 13 authorizes the imposition of sanctions against an attorney who files a pleading that is groundless, brought in bad faith, or for the purpose of harassment. Bloom, as Karen's attorney of record, signed numerous pleadings in this case that could reasonably have been determined to have been groundless, brought in bad faith, and for the purpose of harassment. None of that changed just because he was no longer the attorney of record. Nothing in rule 13 precludes sanctions against such an attorney simply because he is no longer the attorney of record when the sanction is imposed. We overrule point of error number four.

■ Bloom argues in point of error number five that the trial court erred in failing to grant the motion for new trial because he, as attorney of record, received no notice of the proceeding. Technically, the trial court should have required that Bloom be substituted as attorney of record, after notice to him, before proceeding with the divorce in his absence without notice to him. However, as we noted previously, we may not reverse unless trial error amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court. Bloom has not urged any satisfactory reason why he as the attorney of record or former attorney of record should have any right to a new trial of his client's divorce when neither the client, her former spouse, nor even Bloom has suggested any different result that should follow if the case were tried again. Instead, Bloom's client and his client's former spouse both urged the trial court and this court to leave the judgment intact. We overrule point of error number five.

Karen Graham presents a cross-point on appeal in which she requests that we determine that Bloom has taken this appeal for delay and without sufficient cause and impose sanctions pursuant to TEX.R.APP.P. 84. Because we do not find that Bloom has taken this appeal for delay and without sufficient cause, we decline to impose sanctions pursuant to Rule 84. We overrule Karen Graham's cross-point on appeal.

The judgment is affirmed.