Joseph Andrew **BOOTH**, Appellant,

v.

Arnold **MALKAN**, Appellee.

No. 2–92–027–CV.

Court of Appeals of Texas,
Fort Worth.

July 27, 1993.

Rehearing Overruled Aug. 25, 1993.

McDonald Sanders, William L. Latham, Fort Worth, for appellant.

Cantey & Hanger, L.L.P., Robert S. Travis, Fort Worth, for appellee.

Before HILL, C.J., and FARRIS and LATTIMORE, JJ.

## OPINION

HILL, Chief Justice.

Joseph Andrew Booth appeals from the trial court's judgment awarding sanctions in a counterclaim in favor of Arnold Malkan, the appellee. Booth contends in three points of error that the trial court erred as a matter of law in entering the sanctions against him because the order fails to spec-

ify with particularity any good cause to support the sanctions imposed; Booth had withdrawn the pleadings that were the subject of the sanctions; and there was no evidence to support a finding of good cause.

We affirm because the trial court did not abuse its discretion in awarding sanctions against Booth since the evidence supported the award; since a ninety-day grace period in which to withdraw the offending pleading had been eliminated at the time that Booth filed his amended petition and Malkan sought sanctions; and since Booth failed to file a motion requesting the trial court to specify particulars as to the good cause for sanctions.

As we have previously noted, Booth contends in points of error numbers one, two, and three that the trial court erred as a matter of law in entering the sanctions against him because the order fails to specify with particularity any good cause to support the sanctions imposed; Booth had withdrawn the pleadings that were the subject of the sanctions; and there was no evidence to support a finding of good cause.

■ We will determine whether the trial court abused its discretion in awarding the sanctions and overturn the trial court's ruling only if it is based on an erroneous view of the law or a clearly erroneous assessment of the evidence. *Home Owners Funding Corp. v. Scheppler,* 815 S.W.2d 884, 889 (Tex.App.—Corpus Christi 1991, no writ).

■ In March 1978, Malkan, Booth, and others formed a partnership named Ohio Broadcast Associates for the purpose of owning and operating a radio station in Xenia, Ohio. Booth owned ten percent of the partnership pursuant to the partnership agreement. In December 1979, Booth left the station and, on December 14, 1979, withdrew as a partner by executing a withdrawal of partner and general release. He told Malkan that he wanted to get out of Ohio Broadcast Associates and wanted to be absolved of all liability with regard to the partnership. Booth would not tell Malkan what the problem was. Booth declined

Malkan's offer of $10,000 for his partnership interest, but refused any money, saying he only wanted to get out of the partnership free of all liability. Booth signed a release to that effect.

Booth never paid any share of the partnership's acquisition costs, its losses, or its operating deficits. Malkan never asked Booth to pay for his portion of the partnership debt. Malkan contributed all funds necessary for the partnership.

Almost ten years later, in May 1989, the radio station was sold. When Booth learned of the sale, he had his attorney write Malkan in September 1989, claiming that his services were worth $300,000, but that he would settle for $100,000. Booth filed suit against Malkan on March 30, 1990, more than ten years after he signed the release of his partnership interest. In his deposition Booth stated that no new fact had come to his attention concerning the matter other than that the station was for sale. Also in his deposition, Booth said he felt he had to sign the release for economic reasons, and denied having said that Malkan had forced him to sign it, although such an allegation was contained in his original petition.

There is no dispute that rule 13 of the Texas Rules of Civil Procedure authorizes sanctions, including court costs and reasonable attorney's fees, for the filing of pleadings known to be groundless and false. We hold that the trial court did not abuse its discretion in awarding such sanctions in this case.

Booth claims that there is no evidence of good cause to support the sanctions. However, considering the evidence as outlined above, we hold that the evidence supports the trial court's finding, because it shows that Booth's claims were indisputably barred both by release and limitations.

■ Booth in part argues that the pleadings could not have been groundless or brought in bad faith since they were good in the absence of a plea of release and limitations, and no such pleading had been filed on behalf of Malkan at the time Booth filed his pleading. We hold that where, as

here, the defenses to the lawsuit are so clearly established and are defenses that one would reasonably anticipate to be asserted in such a case, the evidence still may support the trial court's conclusion that the lawsuit is groundless and brought in bad faith or groundless and brought for the purpose of harassment.

■ Booth also asserts that the sanctions must be reversed because the sanction order does not set forth the particulars of the good cause justifying the sanctions. As we have noted, rule 13 requires that the sanction order state the particulars of good cause justifying the imposition of the sanctions. We hold that inasmuch as Booth filed no motion requesting that the trial court be more specific as to good cause or its particulars he has presented nothing for review. TEX.R.APP.P. 52(a); *Bloom v. Graham*, 825 S.W.2d 244, 247 (Tex.App.—Fort Worth 1992, writ denied).

■ Finally, Booth insists that the trial court erred by imposing such sanctions because he had withdrawn the pleadings that were the subject of the sanctions by filing a nonsuit before the sanctions were imposed. Nothing in rule 13, as it is presently written, would prevent the imposition of sanctions because the offending pleading has been withdrawn.

Booth relies on rule 13 as it was written prior to its amendment effective September 1, 1990. Prior to the amendment, the rule provided that if, before the ninetieth day after the court made a determination of a violation of the rule, or prior to the expiration of the trial court's plenary power, whichever first occurred, the offending party withdrew or amended the offending portion to the satisfaction of the court, the court could not impose sanctions.

Booth filed his original petition in March 1990, prior to the effective date of the new rule. He amended the petition in December 1990, after the rule had been amended to eliminate the grace period. Malkan filed his counterclaim for sanctions in January 1991. We hold that while the prior provisions of rule 13 may have prevented sanctions against Booth had he taken a nonsuit after filing his original petition, those prior provisions do not prevent sanctions against him and his attorneys when he took a nonsuit after filing an amended pleading after the ninety-day grace period had been eliminated by the amendment of rule 13.

Booth insists that the prior rules were still effective as to him because he did not allege anything new in his amended pleading; however, we hold that the restatement of the original groundless claim, after the elimination of the grace period, is sufficient to bring Booth within the application of the rule as amended.

■ Booth also relies on section 9.012(d) of the Texas Civil Practice and Remedies Code, which provides that a trial court may not impose such sanctions in the event an offending party takes appropriate action before the ninetieth day after the trial court determines that a pleading has been signed in violation of section 9.011 of the Code, dealing with various types of groundless pleadings. However, section 9.003 of the Texas Civil Practice and Remedies Code provides that chapter 9 of the Code, dealing with frivolous pleadings and claims, does not alter the Texas Rules of Civil Procedure. Therefore, since rule 13 was amended so as to eliminate the grace period, and since we have held that under the Rules of Civil Procedure the trial court may impose sanctions even when the offending pleading has been withdrawn within ninety days after the trial court has determined that the pleading is groundless and brought in bad faith or for harassment, section 9.012(d) of the Texas Civil Practice and Remedies Code is no longer effective to prevent such sanctions. *See* TEX.CIV. PRAC. & REM.CODE ANN. §§ 9.003, 9.011, 9.012(d) (Vernon Supp.1993). We overrule points of error numbers one, two, and three.

The judgment is affirmed.