

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00424-CV

---

MICHAEL CADE AND BILLIE CADE        APPELLANTS AND APPELLEES

V.

BARBARA D. COSGROVE,        APPELLEE AND APPELLANT
INDIVIDUALLY, AND AS THE
TRUSTEE OF THE CHARLES AND
BARBARA COSGROVE FAMILY
REVOCABLE LIVING TRUST

----------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 17-251230-11

----------

## MEMORANDUM OPINION[1] ON REMAND

----------

In the closing of a real estate sale between Barbara D. Cosgrove (as buyer) and Michael and Billie Cade (as sellers), Cosgrove received the mineral rights to the property sold, which was contrary to the parties' agreement and for

---

[1]See Tex. R. App. P. 47.4.

which she did not pay. After the Cades realized the error, they asked for Cosgrove's cooperation in transferring back to the Cades the mineral rights that Cosgrove had contractually agreed would remain theirs. She refused. The Cades then sued.

The trial court agreed with Cosgrove that time had run out on the Cades' claims before they filed suit. But it also concluded that awarding Cosgrove her attorney's fees would not be equitable and just. The Cades and Cosgrove filed notices of appeal. Cosgrove's appeal challenged the trial court's denial of her requested attorney's fees. In her sole issue, she asserted that the trial court erred by holding that it would be inequitable and unjust to award attorney's fees under the facts of the case. We reversed the trial court's judgment in favor of Cosgrove and, as such, did not reach Cosgrove's issue.[2]

The Supreme Court of Texas reversed this court and remanded the case to us to consider Cosgrove's issue.[3] Because we hold that the trial court did not abuse its discretion by not awarding attorney's fees to Cosgrove, we affirm.

Cosgrove had asked for attorney's fees under section 37.009 of the civil practice and remedies code.[4] That provision gives the trial court discretion to

---

[2]*Cade v. Cosgrove*, 430 S.W.3d 488, 508 (Tex. App.—Fort Worth 2014), *rev'd*, 468 S.W.3d 32 (Tex. 2015).

[3]*Cosgrove*, 468 S.W.3d at 41.

[4]Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 2015); *Wells Fargo Bank, N.A. v. Murphy*, 458 S.W.3d 912, 919 (Tex. 2015) ("Under section 37.009,

award reasonable and necessary attorney's fees in a declaratory judgment action but only if the fees are equitable and just.[5] Cosgrove argues that the Cades "chose to ignore the statutes of limitation [applicable to the Cades' claims] and file a meritless suit against an elderly widow," and, under the circumstances, the trial court's failure to award costs and reasonable and necessary attorney's fees was erroneous.

A trial court has discretion in deciding whether it would be equitable and just to award attorney's fees in a declaratory judgment action.[6] "[T]he trial court may decide it is not equitable or just to award attorney's fees even where . . . the evidence is uncontroverted that attorney's fees were incurred and they are reasonable and necessary."[7] "The trial court's decision . . . depends on the court's conclusion whether it is just and equitable to do so under all the circumstances of the case."[8]

Cosgrove's brief focuses mainly on whether the discovery rule applied to the Cades' claims, and she argues that the Cades knew when they filed suit that

---

a trial court may award reasonable and necessary attorney's fees only when it would be equitable and just to do so.").

[5]*Murphy*, 458 S.W.3d at 919.

[6]*Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998).

[7]*In re Estate of Kuykendall*, 206 S.W.3d 766, 772 (Tex. App.—Texarkana 2006, no pet.) (citing *Bocquet*, 972 S.W.2d at 21).

[8]*Id.*

3

their claims were barred "but obviously hoped that Mrs. Cosgrove [would] simply cave in to avoid the stress and expense of the litigation." She argues that because of the statutes of limitations, the Cades had no legitimate rights to pursue and that they had been "warned that they would face the risk of having to pay [attorney's] fees" in a letter from Cosgrove's attorney.

Cosgrove cites *Booth v. Malkan*[9] for the proposition that the defenses to the Cades' claims were "so clearly established and are defenses that one would reasonably anticipate to be asserted in such a case, [and so] the evidence still may support the trial court's conclusion that the lawsuit is groundless and brought in bad faith or groundless and brought for the purpose of harassment." *Booth* addressed the propriety of a sanctions award, however, not an award of attorney's fees under the declaratory judgments act.[10]

Cosgrove argues that *Booth* is relevant because "[u]nder the facts and applicable law, [the Cades'] claims in these circumstances triggered Rule 13 of the Texas Rules of Civil Procedure." But here, there was no finding by the trial court that the Cades' claims were groundless or brought in bad faith or for purposes of harassment, and Cosgrove did not appeal any ruling of the trial court with respect to sanctions. Rule 13 is simply not applicable to our analysis.

---

[9]858 S.W.2d 641, 644 (Tex. App.—Fort Worth 1993, writ denied).

[10]*Id.*

4

Further, in the prior appeal addressing the Cades' claims, this court reversed the trial court.[11] The Supreme Court of Texas then reversed this court but with a dissenting opinion.[12] We decline to hold that the Cades' claims were so obviously groundless that they should have known that they would lose before they filed suit and that equity and justice required an award to Cosgrove for her attorney's fees and costs. And the trial court was required to consider *all* of the circumstances of the case in deciding whether to award attorney's fees under section 37.009, not just whether the statutes of limitations had run on the Cades' claims.

We hold that the trial court did not abuse its discretion by not awarding Cosgrove her attorney's fees. We overrule Cosgrove's sole issue on remand.

Having overruled Cosgrove's sole issue, we affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, WALKER, and GABRIEL, JJ.

GABRIEL, J., concurs without opinion.

DELIVERED: January 14, 2016

---

[11]*Cade*, 430 S.W.3d at 508.

[12]*Cosgrove*, 468 S.W.3d at 32.