

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00195-CV

SUNDAY CANYON PROPERTY OWNERS ASSOCIATION, INC., APPELLANT

V.

KATHY BRORMAN, CREEKWOOD REAL ESTATE, LLC,
ALYSSA HECK, AND DAVID WIGGAINS, APPELLEES

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 76535C, Honorable Ana Estevez, Presiding

February 28, 2024

## CONCURRING OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ

While my analysis ultimately leads to the same conclusion as the majority, I respectfully concur in the result only. The majority's opinion boils down to this—because the partial summary judgment order merely "granted" the summary judgment motion without accompanying decretal language, it adjudicated nothing. This leaves the claims for declaratory relief pending for disposition and ultimate denial when the trial court ordered, through the final judgment, that claims not expressly granted in that decree were

denied. Neither Appellant, the "HOA," nor the Appellees, the "Short-Term Rentals," argued this in their briefing. In fact, both parties, in post-submission briefing, argue the trial court granted the declaratory judgments the Short-Term Rentals sought. However, in analyzing the HOA's issues, we conclude the Short-Term Rentals were not entitled as a matter of law to the relief they sought. Accordingly, while my analysis ultimately leads to the same conclusion as the majority, I respectfully concur in the result only.

**ISSUE ONE—FORM OF THE PARTIAL SUMMARY JUDGMENT ORDER**

**A. The issue was waived.**

The HOA's first issue complains the trial court erred in granting partial summary judgment because the trial court's order did not state the declared relief or clarify the legal rights of the parties subject to said declarations. But the HOA failed to preserve its first issue for appeal. Its complaint is to the form of the order, and objections to the form of an order must be timely raised and ruled upon, or they are waived. TEX. R. APP. P. 33.1; *Bloom v. Graham*, 825 S.W.2d 244, 247 (Tex. App.—Fort Worth 1992, pet. denied) (failure to object to lack of particularity of sanctions order waived error). The record does not contain a motion, objection, or request from the HOA to modify or amend its partial summary judgment order. The first time the HOA complained about the lack of particularity in the order was in its motion for new trial, over two years after the trial court rendered the order.

The HOA hid behind the partial summary judgment order and waited on its hands until after the bench trial concluded and the trial court ruled against it. By waiting to

2

complain until after a final trial on the merits, the HOA failed to preserve error on its first issue.

**B. Assuming the issue was not waived, the partial summary judgment grants declaratory relief.**

Even if the HOA had preserved its first issue, the partial summary judgment order was drafted sufficiently to grant declaratory relief. The majority agrees with the HOA, finding the partial summary judgment order did not contain "decretal language." However, examining the order's language in context, there is not only "decretal language," but enough for this Court to glean the intended relief granted.

At its core, a judgment grants or denies relief. *Shetewy v. Mediation Inst. of N. Tex., LLC (MINT)*, 624 S.W.3d 285, 288 (Tex. App.—Fort Worth 2021, no pet.) (citation omitted). Decretal language is the language employed to grant or deny that relief. *Id.* The Texas Supreme Court has taken the position decretal language does not require any "'[t]echnical formality' nor 'particular phraseology' . . . so long as 'the judgment is expressed in language which is significant in common understanding and parlance.'" *In re Guardianship of Jones*, 629 S.W.3d 921, 925–26 (Tex. 2021).

Here, the trial court's order grants the relief requested by the Short-Term Rentals by granting their motion. Although a specific statement of the declarations granted would have been desirable, there is enough in the summary judgment record and pleadings for us to "glean" and declare the rights of the parties. *Petro Pro, Ltd. v. Upland Res., Inc.*, 279 S.W.3d 743, 747–48 (Tex. App.—Amarillo 2007, pet. denied). There is no confusion among the parties, or any person examining the record, what the intended result was:

invalidating the HOA's amendment restricting short-term rentals. The language of the trial court, while not ideal, qualifies as "decretal language," and the order adjudicates the rights of the parties.

The majority opinion relies heavily on *Anh Phan v. CL Invs., LLC*, No. 01-20-00551-CV, 2022 Tex. App. LEXIS 346 (Tex. App.—Houston [1st Dist.] Jan. 20, 2022, pet. denied) (mem. op.) for the proposition a lack of decretal language "adjudicates nothing." However, *Anh*'s procedural posture is distinct from the case at bar. In *Anh*, the parties litigated the validity of a promissory note, and the defendant moved for partial summary judgment and a declaration the promissory note was invalid. The trial court granted the motion, but the order contained no decretal language declaring the rights of the parties or a final disposition of the suit.[1] The parties subsequently nonsuited their claims. Later, the plaintiff brought suit again and the defendant received a dismissal based upon res judicata as the trial court determined the issue of the validity of the promissory note had been decided in the first lawsuit. On appeal, the First Court of Appeals found the lack of decretal language in the summary judgment order was not final, and therefore the plaintiff's claims were not barred by res judicata. Unlike the case at bar, the trial court in *Anh* could have changed its mind regarding the granting of partial summary judgment until the moment the nonsuit dismissed the case, and there was no finality regarding the determination of the issues between the parties.

---

[1] The trial court struck the "Adjudged, Decreed, and Ordered" decretal language, and the order simply stated, "the Court GRANTS the Motion."

4

The present case, unlike *Anh*, proceeded to trial and a final judgment. The merits of the issues between the parties were tried and disposed of fully and finally. In the case at bar, there was no abrupt nonsuit by the parties dismissing the case which prevented the final disposition of the issues, and the trial court never changed its mind regarding the partial summary judgment and incorporated it into the final judgment. *Anh* is inapplicable to the case at bar.

The HOA's first issue, even if preserved, should have been overruled. Because I find the form of the summary judgment was not defective, the HOA's remaining issues—whether the trial court erred in granting the partial summary judgment and whether it erred in awarding damages—requires a full analysis of the merits of the Short-Term Rentals' motion for partial summary judgment and their claims at trial.

**ISSUE TWO—WHETHER THE TRIAL COURT ERRED IN GRANTING THE PARTIAL SUMMARY JUDGMENT**

**STANDARD OF REVIEW**

We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005) (citations omitted). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.*[2]

---

[2] The trial court granted all of the HOA's objections to the Short-Term Rentals' summary judgment evidence. Admission or exclusion of evidence in a summary judgment hearing is ordinarily reviewed under an abuse of discretion standard. *See Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). However, the Short-Term Rentals have not challenged the exclusion of their evidence on appeal.

5

**ANALYSIS**

At the outset, the trial court granted all of the HOA's objections to the summary judgment evidence presented by the Short-Term Rentals in support of their motion. We may only review those portions of the evidence which survived the trial court's exclusionary ruling. *See Estes v. Spears*, No. 07-19-00375-CV, 2020 Tex. App. LEXIS 7498, at *4 (Tex. App.—Amarillo Sep. 16, 2020, no pet.) (mem. op.) (an appellate court cannot consider summary judgment evidence not presented to the trial court).

We review a motion for summary judgment in light of the live pleading of the moving party at the time of the filing of the motion. *See In the Int. of J.A.*, No. 02-21-00140-CV, 2022 Tex. App. LEXIS 4517, at *8 (Tex. App.—Fort Worth June 30, 2022, no pet.) (mem. op.). The Short-Term Rentals' live petition at the time of the filing of their motion requested declarations that the HOA's restriction on short-term leasing was unenforceable based upon the following:

(a) the restriction is unenforceable under the theory of promissory estoppel;

(b) the restriction is unenforceable because it is arbitrary, capricious, and discriminatory;

(c) the restriction is preempted by the Texas Legislature; and

(d) the restriction constitutes a regulatory taking.

However, they moved for summary judgment requesting nine different declarations:

Declaration No. 1:     the restriction is unenforceable because it does not comply with the recording statute;

6

| | |
|---|---|
| Declaration No. 2: | the restriction is unenforceable because the election approving it did not comply with the governing documents of the HOA; |
| Declaration No. 3: | the restriction is unenforceable because it restricts uses previously allowed without notice or consent; |
| Declaration No. 4: | the restriction is unenforceable under the Restatement of Servitudes; |
| Declaration No. 5: | the restriction is unenforceable because of detrimental reliance under the equitable theory of promissory estoppel; |
| Declaration No. 6: | the restrictions are unenforceable because they are arbitrary, capricious, and discriminatory as applied to the Short-Term Rentals; |
| Declaration No. 7: | the restriction is preempted by the Texas Legislature; |
| Declaration No. 8: | the restriction is an impermissible regulatory taking; and |
| Declaration No. 9: | the restriction is prohibited as a retroactive law under the Texas Constitution. |

Because a party cannot be awarded more relief than it requests in its pleadings, the trial court could only grant relief based upon the requests for declaration stated in the live pleadings. TEX. R. CIV. P. 301; *Mafrige v. Ross*, 866 S.W.2d 590, 592 (Tex. 1993), *overruled on other grounds by Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001). The live pleading requests are reflected in Declaration Nos. 5–8 above, none of which, as discussed in further detail below, could have been granted by the trial court as a matter of law.

7

### A. Declaration No. 5–Promissory Estoppel.

Under this Court's precedent, promissory estoppel is not recognized as an independent cause of action. *Robbins v. Payne*, 55 S.W.3d 740, 747 (Tex. App.—Amarillo 2001, pet. denied) (promissory estoppel may only be raised as an affirmative defense). Declaration No. 5 could not serve as a basis for the trial court's granting summary judgment as a matter of law.

### B. Declaration No. 6–Arbitrary, Capricious, or Discriminatory.

Similarly, the trial court could not, as a matter of law, grant summary judgment under Declaration No. 6. The Short-Term Rentals argue the restriction on short-term leasing violates the Texas Property Code. Under section 202.004, the "exercise of discretionary authority by a property owners' association . . . concerning a restrictive covenant is presumed reasonable unless the court determines by a preponderance of the evidence that the exercise of discretionary authority was arbitrary, capricious, or discriminatory." TEX. PROP. CODE ANN. § 202.004(a). The Short-Term Rentals argued the passing of the restriction was the "exercise of discretionary authority" which was "arbitrary, capricious, or discriminatory." But, as the HOA points out, the statute contemplates the "discretionary authority" is "concerning a[n existing] restrictive covenant," not the passing of a restriction under the governing rules of the dedicatory instrument.[3] Even if the statute were to apply, the Short-Term Rentals' evidence—

---

[3] *See e.g.*, *Dao v. Mission Bend Homeowners Ass'n*, 667 S.W.3d 304, 309 (Tex. App.—Houston [1st Dist.] 2022, no pet. h.) (fountain erected in front yard violated existing "lot maintenance" restriction); *Legacy Ests., LLC v. Signal Hill Estates Homeowners Ass'n*, No. 08-22-00134-CV, 2023 Tex. App. LEXIS 4064, at *16–19 (Tex. App.—El Paso June 12, 2023, no pet.) (interpreting existing restrictive covenant for approval of architectural plans for "arbitrary, capricious, or discriminatory" exercise of authority by homeowners association); *Park v. Escalera Ranch Owners' Ass'n*, 457 S.W.3d 571, 581–82, 598–600 (Tex.

supporting affidavits from the affected homeowners—were excluded by the trial court, and there is no evidence before us demonstrating the "arbitrary, capricious, or discriminatory" actions of the HOA. The trial court could not have properly granted summary judgment as a matter of law based on Declaration No. 6.

**C. Declaration No. 7–Preemption.**

Under Declaration No. 7, the Short-Term Rentals requested a declaration invalidating the restriction based upon a theory of preemption by the Texas Legislature. Although the Legislature has passed tax code provisions recognizing short-term rentals for the purposes of assessing hotel taxes, it has not passed, as of yet, any legislation regulating or prohibiting restrictions against short-term rentals in residential areas with a homeowners association. TEX. TAX CODE ANN. § 156.001(b); *Chu v. Windermere Lakes Homeowners Ass'n*, 652 S.W.3d 899, 904 (Tex. App.—Houston [14th Dist.] 2022, pet. denied) (citing *Teal Trading & Dev., LP v. Champee Springs Ranches Prop. Owners Ass'n*, 593 S.W.3d 324, 339 (Tex. 2020)). The movants were not entitled to summary judgment under Declaration No. 7.

**D. Declaration No. 8–Regulatory Taking.**

Lastly, under Declaration No. 8, the Short-Term Rentals were not entitled to a declaration invalidating the HOA's restriction on short-term leasing under their theory of a "regulatory taking." A regulatory taking occurs when a regulation (1) compels the

---

App.—Austin 2015, no pet.) (homeowners association's exercise of enforcing existing restrictions on types of windows permitted not "arbitrary, capricious, or discriminatory" when homeowner changed the windows from those approved during construction).

property owner to suffer a physical invasion of his property, (2) denies all economically beneficial or productive use of land, (3) does not substantially advance legitimate state interests, or (4) goes "too far" and "become[s] too much like a physical taking." *Electro Sales & Servs. v. City of Terrell Hills*, No. 04-17-00077-CV, 2018 Tex. App. LEXIS 1868, at *11 (Tex. App.—San Antonio Mar. 14, 2018, pet. denied) (mem. op.) (citing *Sheffield Dev. Co. v. City of Glenn Heights*, 140 S.W.3d 660, 671–72 (Tex. 2004)); *cf. Coastal Oil & Gas Corp. v. Garza Energy Tr.*, 268 S.W.3d 1, 15 (Tex. 2008) (challenging "rule of capture" in oil and gas as a regulatory taking). Here, the Short-Term Rentals have identified no *government* regulation or interest which has caused the passing of the restrictions or compelled the passing of the HOA's restrictions. Accordingly, Declaration No. 8 could also not serve as a basis for the trial court's granting summary judgment as a matter of law.[4]

**ISSUE THREE—DAMAGES**

While their requests for declaratory relief failed as a matter of law, the Short-Term Rentals nonetheless supplemented their pleadings with a breach of contract claim prior to the bench trial. Although I agree with the majority the Short-Term Rentals could not tie their breach of contract action to the declaratory relief granted in error to establish liability, they could have presented evidence of their claim at trial. The theory of breach in their pleadings stated: "[The HOA] breached the restrictive covenants in effect before the attempted amendment to ban short-term rentals . . . ." A review of the record does not

---

[4] Moreover, the Short-Term Rentals, even if they were correct in claiming the short-term leasing ban constitutes a regulatory taking, their only redress is compensation through an "inverse condemnation" proceeding. *City of Hous. v. Carlson*, 451 S.W.3d 828, 831 (Tex. 2014).

reveal any evidence admitted at trial where the HOA breached the restrictive covenants, vis-à-vis preventing short-term rentals, *before* it amended the restrictions. Accordingly, I agree with the majority the Short-Term Rentals did not have any basis for the damages awarded. I also agree with the majority the award of attorney's fees must be remanded for determination under the Declaratory Judgments Act, which permits the award of "costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009.

## CONCLUSION

Although I concur in the result, I respectfully disagree with the reasoning of the majority. Furthermore, because I find the trial court erred in granting summary judgment to the Short-Term Rentals, I would also reverse the trial court's order granting partial summary judgment and remand for further proceedings in accordance with this opinion.

Alex Yarbrough
Justice

11