

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00195-CV

SUNDAY CANYON PROPERTY OWNERS ASSOCIATION, INC., APPELLANT

V.

KATHY BRORMAN, CREEKWOOD REAL ESTATE, LLC,
ALYSSA HECK, AND DAVID WIGGAINS, APPELLEES

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 76535C, Honorable Ana Estevez, Presiding

February 28, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ

For want of a nail or the devil's in the details. The absence of certain details within the partial summary judgment order coupled with the final judgment's Mother Hubbard Clause leads us to the conclusion reached here. We reverse in part and remand in part.

***Background***

A newly-adopted restrictive covenant (amended covenant) lay at the heart of the dispute between the Sunday Canyon Property Owners Association, Inc. (Sunday) and

Kathy Brorman, Creekwood Real Estate, LLC, Alyssa Heck, and David Wiggains (Brorman). It prohibited short-term leasing of the homes within the Sunday Canyon gated community. Brorman and the others questioned its validity and sued Sunday. They sought various forms of relief, including a declaration of rights under § 37.001 of the Texas Civil Practice and Remedies Code.

After the parties joined issue, Brorman moved for a partial summary judgment upon their claims for declaratory relief. In short, they asked the trial court to declare the amended covenant unenforceable. Sunday responded, arguing otherwise. A hearing ensued, after which the trial court entered its order on the motion.

The trial court began the missive by alluding to the motion for summary judgment. Thereafter, it wrote:

> After examining the pleadings timely filed, the Traditional Motion for Summary Judgment, the Response filed by Sunday Canyon Property Owners Association, Inc., and the summary judgment evidence admitted for consideration, the Court determined that Plaintiffs are entitled to summary judgment and that:
>
> IT IS THEREFORE ORDERED that the Motion is hereby GRANTED.
>
> IT IS FURTHER ORDERED that the parties mediate the issues that remain in the case regarding actual damages, costs, and attorney's fees.

The mediation efforts alluded to in the order were for naught. That resulted in the trial court's holding a bench trial to adjudicate them.

Ultimately, it entered a final judgment awarding Heck and Creekwood damages apparently relating to the lost use of their property for rental purposes. They and the others also received attorney's fees. The document closed with:

> This judgment, together with the Order Granting Partial Summary Judgment, signed and filed February 8, 2021, in the above-captioned matter, which is incorporated herein, comprises the final judgment in this

2

case. All writs and processes for the enforcement of this judgment may issue as necessary. This judgment finally disposes of all parties and claims and is appealable. All other relief not expressly granted in this judgment is denied.

Despite Sunday's timely request for findings of fact and conclusions of law, the trial court executed none.

### *Issue One—Partial Summary Judgment*

Sunday initially contends that the trial court erred in granting summary judgment on Brorman's request for declaratory judgment "because the court's order did not declare any relief or clarify the legal rights of the parties subject to said declarations." Nor was the omission rectified in the final judgment, according to Sunday. So, it "cannot discern its legal rights as required by the Declaratory Judgment Act." We agree. The interlocutory summary judgment "did not declare any relief or clarify the legal rights of the parties." And, because it adjudicated nothing, reversing or affirming, it is moot. Indeed, considering whether the writing mistakenly awarded declaratory relief for the reasons argued by Sunday would be tantamount to rendering an impermissible advisory opinion. *See Heckman v. Williamson County*, 369 S.W.3d 137, 147 (Tex. 2012) (prohibiting a court from issuing an advisory opinion).

As we have said over the years, an order merely granting a motion for summary judgment is nothing more than indication of the trial court's ruling on the motion itself. *Chapman v. Johnson*, No. 07-22-00158-CV, 2023 Tex. App. LEXIS 5149, at *2 (Tex. App.—Amarillo July 6, 2023, no pet.) (mem. op.); *Disco Machine of Liberal Co. v. Payton*, 900 S.W.2d 71, 74 (Tex. App.—Amarillo 1995, writ denied). It lacks the requisite decretal

3

language.[1]  Without that language, it adjudicates nothing.  *Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003) (per curiam); *Frausto v. RC Indus. LLC*, 605 S.W.3d 54, 56-57 (Tex. App.—San Antonio 2020, no pet.).

The interlocutory summary judgment order here simply states that "Motion is hereby GRANTED."  It lacks the requisite decretal language "declar[ing] the decision of the law upon the matters at issue."  *Disco Machine*, 900 S.W.2d at 73 (quoting *Chandler v. Reder*, 635 S.W.2d 895, 896-97 (Tex. App.—Amarillo 1982, no writ) (noting same as being a prerequisite to an actual judgment)).  Thus, the trial court adjudicated nothing through it.  That is, it left Brorman's request for declaratory relief pending for disposition. Indeed, our conclusion comports with that of the First Court of Appeals in *Anh Phan v. CL Invs., LLC*, No. 01-20-00551-CV, 2022 Tex. App. LEXIS 346 (Tex. App.—Houston [1st Dist.] Jan. 20, 2022, pet. denied) (mem. op.).

In *Anh,* the trial court had before it a motion for partial summary judgment filed by the appellees.  Through it, the appellees sought a declaration that their promissory note naming Anh payee was invalid.  The trial court decided to grant the motion and signed an order merely stating that "the Court GRANTS the Motion."  *Id.* at *9.  Apparently, it struck from the document a passage stating:  "'It is therefore Adjudged, Decreed, and Ordered that the Promissory Note and Deed of Trust attached to this Order as Exhibits A and B respectively are invalid, unenforceable, and of no further force and effect.'"  *Id.* Thereafter, the appellees nonsuited their action.  A short time passed before Anh sued the appellees to recover upon the promissory note.  The appellees responded by invoking

---

[1] Decretal language is that granting or denying the remedy sought.  *In re Guardianship of Jones*, 629 S.W.3d 921, 925 (Tex. 2021); *Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003) (per curiam).

4

res judicata. *Id.* at *4. They believed the validity of the note was adjudicated when the trial court in the earlier suit entered an order stating that it "Grants the [partial summary judgment] Motion." *Id.* at *7-8. The First Court of Appeals rejected the argument, however.

First, it recognized the interlocutory nature of the partial summary judgment order. *Id.* at *8-9. Being interlocutory, the order became final only upon the disposition of the remaining issues. *Id.* Until then, the trial court retained the power to vacate it. *Id.* Next, it turned to assessing what, if anything, the order adjudicated. The appellate court began by observing that "[t]he decretal portion of a judgment—the 'adjudged, decreed, and ordered' language struck by the trial court here—is the 'heart of the judgment, ***without which it is devoid of vitality***.'" *Id.* at *9 (quoting 5 ROY W. MCDONALD & ELAINE A. GRAFTON CARLSON, TEXAS CIVIL PRACTICE § 27:24 (2d. ed. 2020) (emphasis added)). Following that was reference to *Naaman*; it quoted the following: "'[a]n order that merely grants a motion for judgment is in no sense a judgment itself. It adjudicates nothing.'" *Id.* at *9-10 (quoting *Naaman*, 126 S.W.3d at 74). That led it to conclude: "[t]he trial court's order granting the appellees' motion for partial summary judgment . . . merely granted the motion for judgment but 'adjudicate[d] nothing' without the decretal language." *Id.* at *10.

In other words, because the trial court merely said it "grants" the partial summary judgment motion, nothing was adjudicated. Inclusion of the decretal language stating that the note was invalid was necessary for the document to constitute an adjudication of the note's validity. Those are the very circumstances at bar. Our trial court just said

5

Brorman's motion was "granted."[2]  No decretal language followed.  Nowhere in the writing did it declare the amended covenant invalid for any reason.  Nowhere did it declare any rights of any party viz-a-viz the amended covenant.  And, the order being interlocutory, the document remained subject to modification and rejection.

*Anh*, *Naaman*, *Disco,* and the other authority cited earlier, lead us to our conclusion.  We cannot but hold that the trial court failed to adjudicate the merits of Brorman's demand for declaratory relief when it signed its February 8, 2021 partial summary judgment order merely stating that the "Motion is hereby Granted."  Failing to accompany that statement with decretal language declaring the amended covenant invalid or not meant the covenant's validity stood unresolved prior to execution of the final judgment.  But, that is not to say it remained unresolved after entry of the final judgment.

In short, the trial court awarded damages to some plaintiffs and attorney's fees to all of them.  So too did it incorporate its February 8 "Order Granting Partial Summary Judgment" into the final decree.  Following that, one finds language stating:  "[a]ll other relief not expressly granted in this judgment is denied."  Perusing the remainder of the document uncovers nothing "expressly" mentioning Brorman's request for declaratory relief or "expressly" declaring the amended covenant unenforceable or invalid.  Nor did the incorporation of the partial summary judgment fill the void since, again, it adjudicated nothing.  Consequently, that dispute remaining unadjudicated prior to entry of the final judgment, and the latter saying nothing expressly about declaratory relief, ordering that

---

[2] Like *Anh*, the summary judgment movant apparently filed a proposed "order granting partial summary judgment."  It expressly declared that the amended restrictions "are unenforceable."  Yet, it went unsigned by the trial court.

6

"all other relief not expressly granted . . . is denied" effectively denied Brorman's request to declare the amended covenant invalid.

The court raised this very matter during oral submission and invited the parties to submit supplemental briefing addressing it. They did. Through their supplement, Brorman tried to distinguish *Naaman, Disco*, and like authority we mentioned when hearing argument. Those cases allegedly were inapposite because they dealt with a non-final summary judgment order, while a final judgment was entered at bar. We do not disagree with their representations. The orders at issue in those cases were interlocutory. Yet, that matters not. Whether they adjudicate a matter depends on their decretal language, not whether they are interlocutory. Simply put, they were interlocutory because they adjudicated nothing . . . that left the claims being asserted open for disposition because no decretal language accompanied the trial court's decision to "grant" a summary judgment motion. The same is no less true here; because the interlocutory order merely "granted" the summary judgment motion without accompanying decretal language, it too adjudicated nothing.

As for the effect of the language in the final judgment denying relief "not expressly granted in this judgment," Brorman invites us to ignore the passage. That we cannot do. Mother Hubbard language has effect. As said by the Supreme Court, "a reviewing court confronting an order that includes a finality phrase . . .must take the order at face value." *In re Elizondo*, 544 S.W.3d 824, 828 (Tex. 2018). "If it were otherwise, finality phrases would serve no purpose." *Id.* They may not reflect the actual intent of the court, such as when the trial court disposes of claims it never intended to, *e.g.*, *Elizondo*, but its language is taken at face value. The final judgment at bar has such finality phrases; consequently,

7

we too must take it at face value. The trial court not only said its decree was final and appealable but also denied every other form of relief not expressly granted. Taking it at face value means the trial court denied Brorman's request for declaratory relief since it was "not expressly granted in this judgment."

In turn, Sunday discussed the topic of "decretal" language and found it present in both the partial summary and final judgments. No doubt, the final judgment contains such language. The summary judgment does not. Decretal language is that granting or denying of the remedy sought. *Naaman*, 126 S.W.3d at 74. The remedy is not merely ordering that a motion is granted when one seeks declaratory relief. The remedy is the declaratory relief itself. So, the requisite decretal language would be that expressing whether the amended covenant at bar was granted or denied. *Anh* illustrates as much, as does *Naaman* and *Disco*. That requisite language missing from the interlocutory order at bar means no declaratory relief was decreed or adjudicated.

As for Sunday's suggestion that the final order impliedly granted declaratory relief when the trial court incorporated the summary judgment order into the decree, we deem it unpersuasive for several reasons. First, the authority cited, *Washington Square Fin., LLC v. RSL Funding, LLC*, 418 S.W.3d 761, 772 (Tex. App.—Houston [14th Dist.] 2013, pet. denied), may have said that the partial summary judgment order "impliedly granted" the declaratory relief. *Id.* at 766. Yet, the opinion failed to reveal the language of the order itself. Without that, one is left to speculate whether 1) the language in the order before the *Washington* panel likens to that before us and 2) the *Washington* panel would have said the trial court adjudicated the declaratory claims had the language mirrored each other. We refuse Sunday's invitation to speculate.

8

Second, the Mother Hubbard language at bar states that relief not "expressly" granted is denied. "Expressly" means "explicitly," "clearly," "directly," and "distinctly." *See Celadon Trucking Servs. v. Titan Textile Co.*, 130 S.W.3d 301, 306 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (noting case law has equated "express" with "states with unmistakable clarity" and with "clearly and unequivocally states"); *see also* BLACK'S LAW DICTIONARY 601 (7th ed. 1999) (defining "express" as meaning "clearly and unmistakably communicated; directly stated"). Nothing in the final judgment explicitly, clearly, directly, or distinctly mentions the declaratory relief sought by Brorman. Implying such relief into the judgment does not fill the void for the simple reason that something implied is not expressed. In fact, "implied" is used in law as contrasted with "express." BLACK'S LAW DICTIONARY 601 (7th ed. 1999). It connotes a situation where the intention regarding the subject-matter is not manifested by explicit and direct words but rather implication; it is "recognized by law as existing inferentially." BLACK'S LAW DICTIONARY 757 (7th ed. 1999). The terms being "contrasts" of each other or antonyms, we opt not to further confuse the English language by giving them the same meaning here.

In short, neither the post-argument missives of Brorman nor Sunday lead us from our conclusion. The trial court's partial summary judgment adjudicated nothing. That left the claims for declaratory relief pending for disposition and ultimate denial when the trial court ordered, through the final judgment, that claims not expressly granted in that decree were denied. That being so, we need not address the actual substance of Sunday's first issue; it was not the victim of adverse declaratory relief. Nor need we address issue two;

9

its substance is relevant only if the trial court actually declared the amended deed restriction unenforceable.[3]

At this point, we briefly address the concurring opinion and start with the matter of waiver. The case of *Bloom v. Graham*, 825 S.W.2d 244 (Tex. App.—Fort Worth 1992, writ denied) dealt with an order levying sanctions, not with one merely saying a motion for summary judgment was granted. Moreover, the trial court in *Bloom* did more than simply "grant" the motion for sanctions; it actually decreed the particular sanctions levied. What it omitted was reference to the "good cause" purportedly justifying the award, not the decretal language declaring the relief granted which *Naaman* deemed necessary. Simply put, there is a difference between omitting decretal language (the circumstance at bar) and omitting reasons supporting the expressed decretal language (the circumstance in *Bloom*). The former results in an adjudication. The latter simply indicates an absence of reasoning to support the adjudication. So, *Bloom* is rather inapposite.

As for the argument that the order contains decretal language, we agree not only that such language refers to the granting or denying of the remedy sought but also that no particular phraseology is necessary. *In re Guardianship of Jones*, 629 S.W.3d 921, 925-26. But, as the court in *Jones* observed, the order before it "**not only** grants the motions to dismiss **but also** expressly states it is a 'final order' that constitutes '**the dismissal** of the Bill of Review filed in this case[.]'" *Id.* (emphasis added). In short, the court took care to distinguish the circumstances in *Jones* from those in *Naaman*. Here,

---

[3] Sunday described the issue as whether "the trial court erred in granting partial summary judgment on the homeowner's requests for declaratory judgment when Texas courts post-*Tarr v. Timberwood* have unanimously upheld validly-passed amendments banning short-term rentals, when such amendments comport with the purpose of the original restrictions and Texas public policy."

though, the order does not fit within the "not only . . . but also" equation of *Jones.* The trial did not utter words comparable to those in *Jones* like "having held the restrictive covenant invalid"; it only ordered the motion "granted."

Of further note is that another opinion cited by the concurrence supports our conclusion. It is *Shetewy v. Mediation Inst. of N. Tex., LLC (MINT)*, 624 S.W.3d 285 (Tex. App.—Fort Worth 2021 no pet.). There, the reviewing court held that an order stating "the Court finds that the Defendants' motion to dismiss with prejudice has merit and should be GRANTED" lacks decretal language. *Id.* at 288. And, it did so after acknowledging that "'a judgment must show intrinsically and distinctly, rather than inferentially, that the matters in the record have been determined in favor of one of the litigants or that the rights of the parties in litigation have been adjudicated.'" *Id.* at 288 (quoting *Redwine v. Peckinpaugh*, 535 S.W.3d 44 (Tex. App.—Tyler 2017, no pet.)). The partial summary judgment at bar leaves us to infer that the matters in dispute were determined in a way favoring a particular litigant.

As for this court's opinion in *Petro Pro, Ltd. v. Upland Res., Inc.*, 279 S.W.3d 743 (Tex. App.—Amarillo 2007, pet. denied), we first note the utter absence of attention to the controlling precedent of *Naaman* or that of the Seventh Court of Appeals. This may be because the decree there went that little bit further when the trial court expressly "entered" "'judgment . . . in favor of [Upland Resources].'" *Id.* at 747. That expressly revealed who won and who lost. The trial court at bar "entered" no "judgment in favor" of anyone via the partial summary judgment.

Regarding effort to distinguish *Anh*, the concurrence seems to find value in the fact that it dealt with a partial summary judgment with an ensuing non-suit. Yet, the *Anh* court

11

acknowledged opinions, such as *Gen. Agents Ins. Co. of Am., Inc. v. El Naggar*, 340 S.W.3d 552 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) and *Johnson v. Evans*, No. 14-08-00610-CV, 2010 Tex. App. LEXIS 902 (Tex. App.—Houston [14th Dist.] Feb. 9, 2010, pet. denied) holding that a non-suit does not affect an earlier summary judgment ruling. *Anh*, 2022 Tex. App. LEXIS 346 at *12-13. In other words, it recognized that a non-suit does not necessarily nullify an adjudication wrought by an earlier partial summary judgment. Nevertheless, the court then concluded: "[b]ecause neither case involved a partial summary-judgment order lacking decretal language as this case does, these cases are distinguishable." *Id.* at *13. So, the fact of a non-suit and the chance that "the trial court in *Anh* could have changed its mind regarding the granting of partial summary judgment until the moment the nonsuit dismissed the case," as suggested by the concurrence, was unimportant.

Finally, assuming *arguendo* that one could permissibly interpret the partial summary judgment as adjudicating declaratory relief favoring Brorman, the concurrence accurately explains why it was unwarranted. So, the end remains the same.

### *Issue Three—Damages*

Through its third issue, Sunday questions the trial court's award of damages to Heck and Creekwood via several theories. Allegedly, no legal theory supported their award. Nor were they supported by legally or factually sufficient evidence. The matter of attorney's fees also is a part of the issue. Allegedly, the trial court erred in awarding same to all the plaintiffs. We sustain the issue.

Brorman argued that damages could be awarded under the Texas Declaratory Judgment Act. The Act has no provision expressly addressing the matter of damages. It

12

does provide, however, that "[f]urther relief based on a declaratory judgment or decree may be granted whenever necessary or proper." TEX. CIV. PRAC. & REM. CODE ANN. § 37.011. Assuming *arguendo* that the "further relief" alluded to could be read to include damages, the trial court did not award Brorman "a declaratory judgment or decree," as explained earlier. So, the Declaratory Judgment Act would not support an award of damages under the circumstances at bar.

Next, Brorman sought damages under the theory of promissory estoppel. Both our Supreme Court and this court have consistently held that promissory estoppel is a defensive theory, not a cause of action. *Hruska v. First State Bank*, 747 S.W.2d 783, 785 (Tex. 1988); *Barkley v. Connelly*, No. 07-22-00144-CV, 2023 Tex. App. LEXIS 6579, at *11 (Tex. App.—Amarillo Aug. 24, 2023, no pet.) (mem. op.); *Brogan, Ltd. v. Brogan*, No. 07-05-00290-CV, 2007 Tex. App. LEXIS 8125, at *31 (Tex. App.—Amarillo Oct. 11, 2007, pet. denied) (mem. op.); *Robbins v. Payne*, 55 S.W.3d 740, 747 (Tex. App.—Amarillo 2001, pet denied). It does not create a basis of liability. *Id.* So, promissory estoppel does not provide a vehicle through which damages may be awarded.

Brorman also argues that damages could be awarded due to a purported "regulatory taking" and for breached contract. Brorman urged regulatory taking, via its live pleading, as basis for securing declaratory relief. Indeed, it was one ground upon which they sought such relief through their motion for summary judgment. Yet, again, the trial court did not grant Brorman declaratory relief on that claim or any other, as explained earlier. So, it too falls short of being a means for receiving damages.

That leaves the cause of action sounding in breached contract. It was based on successfully invalidating the deed restriction barring short term rentals. We see as much

13

from the argument proffered the trial court. As said in response to Sunday's trial motion for directed verdict:

> The law is that a person can freely use their property except as it is properly restricted. When we get letters and are told we can't do this or we are going to get fined, ***and the restriction they are trying to impose is invalid***, that is a breach of that contract, which is the restriction itself.

(Emphasis added).[4] Again, the trial court did not invalidate "the restriction." Thus, the foundation underlying Brorman's claim for breached contract is non-existent.

Regarding attorney's fees, Brorman pleaded for same under § 37.009 of the Texas Civil Practice and Remedies Code. Section 37.001 *et. seq* of the Code permits the trial court to declare the rights, status, and other legal relations of parties. TEX. CIV. PRAC. & REM. CODE ANN. § 37.003(a). In declaring same, the trial court may also "award costs and reasonable and necessary attorney's fees as are equitable and just." *Id.* at § 37.009. Furthermore, recovering fees under the statute is not dependent upon receiving favorable declaratory relief or otherwise substantially prevailing. *Morath v. Tex. Taxpayer & Student Fairness Coalition*, 490 S.W.3d 826, 885 (Tex. 2016). And, "[w]here the extent to which a party prevailed has changed on appeal, [the] practice has been to remand the issue of attorney fees to the trial court for reconsideration of what is equitable and just." *Id.* We do so here, given that the extent to which a party has prevailed on appeal changed. Brorman may not have prevailed on the claim for declaratory relief, but they may still be awarded fees if deemed equitable and just by the trial court.

---

[4] The response generally tracked the allegation of breached contract expressed in Brorman's live pleading. It was alleged there that "Defendant's attempt to enforce an invalid ban on short-term rentals constituted breach of that contract. Absent a valid restriction in the restrictive covenant contract, Plaintiffs were free to engage in short-term rentals."

As written, the final judgment denied Kathy Brorman, Creekwood Real Estate, LLC, Alyssa Heck, and David Wiggains declaratory relief, and we affirm it to that extent and as so construed. We reverse it to the extent it awarded Creekwood Real Estate, LLC and Alyssa Heck damages and order that neither recover same from Sunday Canyon Property Owners Association, Inc. We also reverse the portion of the final judgment awarding attorney's fees and remand that matter to the trial court.


Brian Quinn
Chief Justice

15